## MURPHY v. THE STATE.

1. NEW TRIAL: *Newly discovered testimony.*

A motion for a new trial for newly discovered testimony must show why the testimony was not produced at the trial.

2. TAX ON CRIMINAL CONVICTION: *Not unconstitutional.*

The tax imposed by Statute (*Gantt's Dig.,* sec. 5053,) on each criminal conviction, is a fee to the public and not a tax within the meaning of the clause of the constitution requiring all property to be taxed *ad valorem.*

3. CRIMINAL PRACTICE: *Hiring out misdemeanor convicts.*

Where there is no public county contractor for keeping and working misdemeanor convicts, under Sec. 5 of the act of March, 22, 1881, the Circuit Court should direct in the judgment for the fine and cost, that the convict be put to labor or hired out as provided by Sec. 4, Act of 10th of March, 1877; but the failure to make such direction is no ground for reversal. It may be corrected on application to the Circuit Court by amendment of the judgment; and on appeal, this court will affirm the judgment for fine and costs, and certify the affirmance to the Circuit Court, that the correction may be made by a further order if desired.

ERROR to *Chicot* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

*Martin & Martin, and C. H. Carlton,* for plaintiff in error:

There is no law making the $3 *tax* any part of the fine

.and costs in a criminal case. *Sec.* 5053 *Gantt's Dig.*, is the
·only Statute on the subject which provides that there shall
be *levied* and collected a county tax, etc., a *tax* of $3 on
·each criminal conviction. This act provides for the *levy*
and *collection* of the $3 as a *tax—not as a part of the fine
·and costs*, etc. The Circuit Court cannot *levy a tax*. That
power, under Constitution of 1874, and by the Act in ques-
·tion, is conferred solely on the *county court*. The act of
1877 provides for imprisonment only, until the *fine* and *costs*
:are paid. *Acts*, 1877, *pp.* 74-75.

Suppose the party were actually unable to pay the fine
.and costs, under the judgment in this cause, he would be
.held in custody until millenium's dawn.

If the fine and costs had been paid could the sheriff hold
him for a *tax?*

The judgment is not in accordance with *sec.* 4, *Acts* 1877,
*pp.* 74-5.

*C. B. Moore*, Attorney-General for defendant in error.

*Secs.* 1621 *and* 5053 *Gantt's Dig.*, are the only law of
·this case, and they are too explicit to admit of argument.

ENGLISH, C. J. P. F. Murphy was indicted in the Circuit
·Court of Chicot county, at the July term, 1881, for playing
cards on Sunday; he was tried at the January term, 1882,
and the jury found him guilty, and assessed a fine of twenty-
five dollars against him. He was refused a new trial, and
judgment rendered against him for the fine assessed by the
jury, and the further sum of $3 as a tax imposed by Statute
upon the conviction, and for costs; and it was ordered that
the sheriff retain custody of defendant until the fine, tax
and costs were paid. He took a bill of exceptions and
·brought error.

Murphy v. The State.

I.   The first ground of the motion for a new trial was, that the verdict was contrary to the evidence.

The testimony of two witnesses, introduced by the State, conduced to prove that plaintiff in error, and three other persons, played poker at the saloon of one McDaniel, in Lake Village, on the Sunday preceding the term of the court at which the indictment was found.   No witness was introduced for the defense.

1. NEW TRIAL: For newly discovered testimony.

II.   The second ground of the motion for new trial was for newly discovered evidence.   In the motion, unsupported by any affidavit, plaintiff in error stated that he could prove by the persons who played the game at cards, and by the saloon keeper, that he did not engage in the game.   Why he did not have one or more of these persons at the trial, is not shown.   The showing was insufficient, and not within the rule.

2. Tax on criminal conviction constitutional.

III.   It is submitted for the plaintiff in error, that the tax of $3 imposed by *section* 5053 *Gantt's Dig.*, on each criminal conviction, and included in the judgment in this case, is in violation of the Constitution.

The tax is a fee to the public, and not a tax within the meaning of the clause of the Constitution requiring all property, etc., to the taxed *ad valorem*.   *Lee County* v. *Abraham*, 34 *Ark.*, 166.

It is a mode of making persons' convicted of crime, contribute to defray the expenses of public prosecutions.

3. Hiring out convicts.

IV.   It is further submitted for plaintiff in error, that if he was unable to pay the fine and costs, he would, by the terms of the judgment have to remain in the custody of the sheriff until doomsday, as it does not direct that he be put to labor on the public works, or hired out to satisfy the judgment.

Section 4 of the Act of March 10th, 1877 (*Acts* of 1877, *p.* 74), provides that when any person shall be convicted of

a misdemeanor, the judgment shall direct that such person shall be put to labor in any manual labor work-house, or on some bridge or public improvement, or hired out until the fine and costs be paid.

But the failure of the judgment, so to direct, would not be ground of reversal; the judgment on the verdict for fine and costs would be valid, and the court on application, might amend by adding the direction required by the Statute.

At the time the plaintiff in error was convicted, however, the Act of March 22d, 1881, was in force, and by the 5th section of that Act it was the duty of the sheriff, if the fine and costs were not immediately paid or secured, as therein provided, to commit him to jail, to be by the jailer delivered to the public contractor, if a contract had then been made for keeping and working such convicts by the county court of Chicot county, as provided by the Act. But if no contract had been made, the court should have made the direction in the judgment required by the Act of March 10th, 1877. *Griffin* v. *The State*, 37 *Ark.*, 437.

The judgment must be affirmed, and the affirmance certified to the court below that a further order may be made touching the fine and costs if required.