[No. 20516. In Bank.— July 5, 1889.]

# THE PEOPLE, RESPONDENT, *v.* L. C. LENON, APPELLANT.

CRIMINAL LAW — RAPE — EVIDENCE — CORROBORATION OF PROSECUTING WITNESS — CRUEL TREATMENT. — When a step-father is accused of rape, committed upon his step-daughter between ten and eleven years of age, if the step-daughter testifies that defendant was in the habit of cruelly beating her, and thus keeping her in constant fear and terror, under which she submitted to him, the testimony of a neighbor that she heard the step-father whipping and beating the prosecuting witness is admissible in corroboration of her statement as to cruel treatment and fear. The fact that the beating testified to by the neighbor occurred a
LXXIX. CAL.—40

year before the alleged rape goes only to the weight and not to the admissibility of the testimony.

ID. — PROOF OF PRIOR OFFENSE — EXPLANATORY EVIDENCE. — Though as a general rule the prosecution cannot prove the commission of another offense to raise an inference of guilt of the crime charged, yet where, upon a charge of rape, the prosecuting witness voluntarily, and without objection on the part of the defendant, testifies incidentally to prior intercourse with her by the defendant without her consent, it is not error to allow the witness to testify, in answer to questions from the prosecution, that on the former occasions she was overcome by fear and terror, and did not tell her mother because she was scared, and afraid that defendant would kill her mother.

ID. — INSTRUCTIONS — REASONABLE DOUBT. — When the court gives sufficient instructions to the jury upon the subject of reasonable doubt, it is not error to refuse further instructions upon the same subject at the request of the defendant. An instruction that "it would not be sufficient to justify a conviction, if the jury should be satisfied of the guilt of the defendant to such a moral certainty as would influence their minds in the important affairs of life," should be refused as lacking in precision, and as being so unguarded as to produce a bewildering impression.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Hugh J. & William Crawford,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J. — The defendant was charged with and convicted of the crime of rape, and he appeals from the judgment. Appellant contends that the court below erred in allowing the testimony of Mrs. Amanda Stevens, to the effect that, living in a house next and close to that of defendant, she heard him whipping and beating the prosecuting witness. The prosecuting witness, upon whom the alleged crime is charged to have been committed, was a young girl between ten and eleven years old, and lived with the defendant, who was her stepfather. She testified that defendant was in the habit or cruelly beating her, and thus keeping her in constant fear and terror, and that she submitted to him under

circumstances which, without such fear and terror, might have indicated consent (if, indeed, consent of such a child could have been found by the jury at all). The testimony of Mrs. Stevens was admitted by the court expressly upon the ground—and upon no other ground—of corroborating the statement of the prosecuting witness as to cruel treatment and fear, and we think that for this purpose it was properly admitted. (2 Bishop's Crim. L., secs. 1124, 1125; *Regina* v. *Jones*, 4 L. T., N. S., 154.) What is said in *People* v. *Tyler*, 36 Cal. 522, does not apply to the case at bar, where the party injured was a mere child under the defendant's control, and where the main question was, whether or not she was influenced by fear to make less resistance than should have appeared under other circumstances. The fact that the beating to which Mrs. Stevens testified the most positively happened about a year before the alleged rape goes only to the weight and not to the admissibility of the testimony.

2. During the examination in chief of the prosecuting witness, she voluntarily, and not in response to a question asked by the prosecution, made a remark indicating that the defendant had, or attempted to have, intercourse with her on occasions prior to the time alleged in the information. The district attorney then asked: "Do you mean to say that he has done these things before?" To which question she answered that he had, twice before. The district attorney then asked her if on these occasions she had consented to his doing it, and she answered that she had not. Up to this point no objection was made to the testimony by the defendant. The district attorney then asked the witness: "How came he to do it on these two former occasions?" and "Why didn't you tell your mother?" Defendant objected to these questions as irrelevant, incompetent, and immaterial. The court overruled the objections, and defendant excepted, and he contends that this ruling

was an error for which the judgment should be re-
versed. The witness answered, substantially, that on the
two former occcsions she was overcome by fear and
terror, and that she did not tell her mother because she
was "so scared," and because she was afraid that defend-
ant would kill her mother.

There is no doubt that it is the general rule that the
prosecution cannot prove the commission by a defend-
ant of another offense for the purpose of raising the
inference that he is guilty of the particular crime
charged. If, therefore, the prosecution had directly of-
fered to prove the two former assaults made by the de-
fendant on the girl, and defendant had objected to the
testimony, it would, perhaps, have been the duty of the
court (even under the particular circumstances of this
case) to have sustained the objection. But the testi-
mony of the *main fact*, that former assaults had been
made, came from the witness incidentally, and evi-
dently to the surprise of the prosecution, and defend-
ant made no objection to it. If he had made such
objection, and had moved to strike out what had thus
been suddenly ejected into the testimony, a different
question would have arisen. Defendant, however, had
apparently no objection to the witness testifying to the
fact of the former occurrences; for that testimony was
evidently favorable to defendant as tending to rebut the
want of consent on the part of the witness. His posi-
tion was, that her testimony, given voluntarily, that the
former intercourse, or attempted intercourse, *did* occur
should remain before the jury as an isolated fact, with-
out any explanation of the circumstances under which
it occurred. This position, in our opinion, is not ten-
able. As the testimony to the fact of prior intercourse,
coming as it thus did incidentally, was with the con-
sent of defendant allowed to remain before the jury, we
think that the prosecution was properly allowed to ex-
plain the circumstances under which that fact occurred.

Moreover, there could have been no material damage done to defendant by the ruling; because,—1. Before any objection was made, the witness had already testified that the former acts were without her consent, which was substantially all that she afterward testified to; and 2. Because the whole testimony as to the former acts were favorable to defendant.

3. Appellant contends for a reversal because the court refused a certain long instruction on the subject of reasonable doubt. It is difficult to tell from the transcript by whom this instruction was asked; but assuming that appellant requested it, there was no error in refusing it because it contained this proposition: "It would not be sufficient to justify a conviction *if* the jury should be satisfied of the guilt of the defendant to such a moral certainty as would influence their minds in the important affairs of life." This language lacks precision, and is so unguarded as to produce a bewildering impression. It seems to be founded upon *People* v. *Brannon*, 47 Cal. 96. In that case the court had given to the jury the affirmative proposition that it "was their duty to convict" if they should "be satisfied of the guilt of the defendant to such a moral certainty as would influence the minds of the jury in the most important affairs of life." This was held to be error, as most of the instructions of courts on the old subject of reasonable doubt turn out to be erroneous when they ambitiously step outside of well-established bounds. But the proposition in the Brannon case is very different from the negative proposition that the evidence is not sufficient to convict *if* it would influence men in the important affairs of life,— a meaning that can fairly be ascribed to the instruction asked for.

Moreover, the court, of its own motion, had instructed the jury as follows: " The jury are instructed that, before you are justified in finding the defendant guilty of the crime charged in the information, you must be satisfied,

beyond a reasonable doubt, that on or about the sixth day of February, 1888, and at the place alleged in the information, the defendant forcibly, violently, and against her will, had sexual intercourse with the female, Eliza Daniels. The jury are instructed that a charge of this nature is peculiarly difficult for a defendant to clear himself of. No charge can be more easily made, and none is more difficult to disprove. From the nature of the case, the complaining witness and the defendant are generally the only witnesses. You should be perfectly satisfied that the case is made out by witnesses and corroborating evidence, if any, before you find the defendant guilty, if you find him guilty. If you are not satisfied, you should acquit."

And at the request of appellant, had also instructed them as follows: "The jury are instructed that the reasonable doubt mentioned in the foregoing instructions is as follows: A defendant in a criminal action is presumed to be innocent until the contrary is proved, by not the mere preponderance of evidence, but by evidence entirely convincing to the jury. And in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal."

And we are satisfied that these instructions include about all that is necessary to say to a jury on the subject of reasonable doubt. It is proper for a court, and (if asked, at least) its duty, to call the attention of the jury to the difference between the character of evidence which would warrant a verdict in a civil case and that which would warrant a verdict in a criminal case; and to tell them that while a preponderance of evidence would be sufficient in the former, it would not be in the latter, which requires proof beyond a reasonable doubt. In the case at bar the jury were cautioned that the charge of rape is "easily made" and "difficult to disprove." They were told that before they could convict they must be "satisfied beyond a reasonable doubt" that the defendant

committed the crime charged; that they must be "perfectly satisfied," or else they should acquit; that mere "preponderance of evidence" will not do, but that there must be "evidence entirely convincing to the jury," and that in any other event the defendant is "entitled to an acquittal." Where such instructions are given, we would be slow in any case to reverse a judgment because other instructions on the same subject were refused. How much further, indeed, can a court safely go? Whenever a judge undertakes in elaborate language to tell a juror when his mind would be in a legal state of reasonable doubt, he enters upon a wide waste of mental philosophy, where landmarks are soon lost in fog, and he is very apt to have a collision with the metaphysics of some other court, which results in a wreck of the judgment. We think there was no error in the case at bar with respect to the subject of reasonable doubt.

There are no other assigned errors which we deem it necessary to notice.

Judgment affirmed.

WORKS, J., SHARPSTEIN, J., THORNTON, J., and PATERSON, J., concurred.