[No. 90.   Decided December 3, 1890.]

J. H. FOSTER v. THE TERRITORY OF WASHINGTON.

GAMING—FARO—INDICTMENT—JUDGMENT—EXCESSIVE FINE.

As §§ 1253 and 1258, Code Wash. T., are sufficiently explicit to enable the court, with reasonable certainty, to determine what the legislature intended, and as they describe the offense of dealing faro, or permitting the same to be done on one's premises, with sufficient certainty, they cannot be held void for uncertainty and ambiguity.

As the gravamen of the offense consists in permitting the game of faro to be dealt in prohibited places, an indictment is sufficient, without specifying with whom the game was played, or in what particular manner it was conducted.

Under § 1258 of the code, imposing a fine not exceeding five hundred dollars on conviction, and providing that defendant shall stand committed until the same is paid, but making no provision for costs, a judgment for five hundred dollars and costs is not void for the reasons that it exceeds the limitations of the statute, and does not fix a definite period of imprisonment in the event of non-payment of the fine, as said section should be construed in connection with § 2105, providing that on conviction the defendant shall be liable to pay costs in all cases, and § 1125, providing that in default of payment or security of fine and costs, a warrant shall be issued for defendant's commitment, specifying that he be imprisoned one day for every two dollars of such fine and costs.

*Appeal from District Court, King County.*

The facts are fully stated in the opinion.

*Robinson & Farwell*, for appellant.

*E. M. Carr*, Prosecuting Attorney, for The Territory.

The opinion of the court was delivered by

ANDERS, C. J.—The grand jury of King county returned an indictment into the district court charging appellant with the crime of permitting the game of faro to be dealt upon his premises, the body of which is as follows:

"J. H. Foster is accused, by the grand jury of the Territory of Washington, for the county of King, in the Third judicial district of said territory, by this indictment, of the crime of permitting faro to be dealt on his premises, committed as follows: The said J. H. Foster, on the 12th day of January, 1889, in the county of King, in the district aforesaid, then and there being in the lawful possession of a certain room then and there situate and being in a certain building known as the "Grotto" then and there situate and being on the south side of Yesler avenue street, between Commercial and South Second street, in the city of Seattle, in said King county, unlawfully, knowingly and willfully did permit one J. Bachelor then and there and therein to unlawfully, knowingly and willfully deal a game of faro then and there played with cards for money."

To this indictment appellant caused a plea of guilty to be entered, and subsequently filed a motion in arrest of judgment, on the ground that the indictment did not state facts sufficient to constitute a crime. The motion was denied, and the defendant was sentenced by the court to pay a fine of five hundred dollars and costs amounting to twenty dollars, and stand committed to the county jail of King county until said fine and costs should be paid or the defendant discharged according to law, and the court remanded the defendant into the custody of the sheriff to carry the sentence into effect. The defendant appeals and

asks this court to reverse the judgment of the court below for the following reasons: 1st. That § 1258 of the code is void for uncertainty, and because it does not describe the offense. 2d. That § 1253 is also void. 3d. That even if the statute is valid the indictment does not state facts constituting an offense. 4th. That the judgment and sentence of the court is void, because it exceeds the limitations of the statute and the jurisdiction of the court.

The objection to the validity of the statute is not tenable. The language is sufficiently explicit to enable the court, with reasonable certainty, to discover what the legislature intended, and the statute cannot, therefore, be held void for ambiguity or uncertainty. Mere inaccuracies of expression, or faulty arrangement of words and phrases, if the meaning is intelligible, are insufficient to warrant the court in declaring a statute void. Bish. St. Crimes (2d ed.), § 41. And we are of the opinion that the objection that the sections of the code above mentioned do not describe an offense, is equally untenable. Counsel claims that the statute does not explicitly point out or describe the acts constituting the crime, but we think otherwise. It states clearly enough, as we read it, that the act of dealing faro or suffering or permitting the same to be done on one's premises is a crime. Similar statutes exist elsewhere and, so far as we are advised, have seldom been questioned. *People v. Beatty*, 14 Cal. 567; *People v. Sam Lung*, 70 Cal. 515.

The indictment is sufficient. The gravamen of the offense consists in permitting the game to be dealt in prohibited places, and it was not necessary to specify with whom the game was played, or in what particular manner it was conducted. The definition itself sets forth the constituent elements of the crime, and the indictment being in substantially the same language fulfills all the requirements of the law. *People v. Saviers*, 14 Cal. 29; *Rice v. State*, 3 Kan. 141; Bishop St. Crimes (2d ed.), §§ 890, 891;

*Romp v. State*, 3 G. Greene (Iowa), 276; *People v. Carroll*, 80 Cal. 153.

That the judgment in this case exceeds the limitations of the statute or the jurisdiction of the court, we cannot concede. Section 1258 of the code imposes a fine not exceeding five hundred dollars, upon conviction, and provides that the defendant shall stand committed until the same is paid, but is silent as to costs; and it is therefore claimed that the court had no right or authority to include the costs in its sentence, and thereby really impose a fine of five hundred and twenty dollars. It is also contended that the judgment is void for the further reason that the court did not fix a definite period of imprisonment in the event of the non-payment of the fine. But we think these objections cannot be sustained. This section ought, in our opinion, to be construed in connection with the general provisions of the code upon the subject of costs in criminal cases, and of imprisonment for non-payment of fines. Section 2105 provides that on conviction the defendant shall be liable to pay the costs in all cases, and § 1125 (amended in Laws of 1883, p. 38) provides that when a defendant is sentenced to pay a fine and costs, and is remanded into the custody of the sheriff, the clerk of the court, in default of payment or security of payment, shall issue a warrant for his commitment, specifying that the defendant shall be imprisoned one day for every two dollars of such fine and costs. We see no error in the judgment and sentence of the court in this action. The only exception to the general rule that the defendant on conviction must pay the costs, of which we are aware, is found in § 1104 of the code, which provides that, if the court or jury trying the cause expressly finds otherwise, the defendant shall not be liable.

For the foregoing reasons, the judgment of the court below must be sustained.

DUNBAR, HOYT, SCOTT and STILES, JJ., concur.