[No. 1306.   Decided May 25, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. J. J. WIL-
SON, *Appellant*.

GAMING — CONDUCTING FARO GAME — INFORMATION — EVIDENCE —
                        INSTRUCTIONS.

An information charging defendant, in the language of the stat-
ute, with conducting a game of faro is sufficient without describing
the offense, under the provisions of Penal Code, § 140, as the offense
is so fully individuated by the statute that the defendant has proper
notice of what offense he is charged with, from the mere adoption
of the statutory terms.

In a prosecution for conducting a game of faro, as proprietor, it
is unnecessary that the information name the person with whom
the game was played, as the gravamen of the offense is the conduct-
ing of such a prohibited game as proprietor.

In a prosecution for conducting a game of faro, testimony that
chips and money were played for on a particular day and that cer-
tain named persons were in the game is competent as part of the
*res gestæ*.

In such a case, an instruction to the jury that it is not necessary
that they should find that the offense was committed on the specific
day charged in the information, but that it is sufficient if they find
that it was committed on any specific day within one year next pre-
ceding the filing of the information, is not erroneous.

An instruction is not erroneous for the reason that a clause thereof charges the jury that, if they find that the game of faro was carried on for gain, they must find defendant guilty, when the instruction, taken as a whole, charges the jury to find defendant guilty if they find from the evidence that all the acts necessary to constitute the crime had been committed by defendant.

*Appeal from Superior Court, Whitman County.*

*Trimble & Pattison,* and *T. V. Eddy,* for appellant.

*J. N. Pickrell,* Prosecuting Attorney (*Chadwick & Fullerton,* and *C. M. Wyman,* of counsel), for The State:

The names of the parties playing need not be specified in the indictment when the offense is charged as of the nature of a nuisance, or, as is the case with keeping gaming tables, is not dependent upon the character of the parties engaged. 2 Wharton, Crim. Law (9th ed.), § 1466; Bishop, Stat. Crimes (2d ed.), §§ 894, 895; *State v. Light,* 17 Or. 358; *Goodman v. State,* 41 Ark. 228; *Hinton v. State,* 68 Ga. 322; *Roberts v. State,* 32 Ohio St. 171; *State v. Pancake,* 74 Ind. 15; *Chase v. People,* 2 Col. 509; *State v. Prescott,* 33 N. H. 212; *McAlpin v. State,* 3 Ind. 567; *Clark v. State,* 19 Ala. 552; *State v. Ames,* 1 Mo. 372; *State v. Bay,* 11 S. W. 36.

The opinion of the court was delivered by

HOYT, J.— Defendant was convicted of a violation of the provisions of § 140 of the Penal Code, by conducting, as proprietor, a game of faro. The substantial part of the information upon which he was convicted was as follows:

"That the said J. J. Wilson, in the county of Whitman, in the State of Washington, on the 4th day of October, 1893, then and there being, did then and there unlawfully and feloniously deal, carry on and conduct, as proprietor, a game of faro, then and there being a banking game, then and there played with cards for checks, said checks then and there representing value."

The defendant demurred to this information, and the ruling of the court upon such demurrer is the first error assigned. It is contended on the part of the appellant that the information is insufficient for the reason that it does not sufficiently describe the offense with which the defendant is charged, as it does not allege in what consists the playing of a game of faro, and does not name the person with whom the game was played.

It will be seen from a comparison of the information with the section under which it was drawn that it substantially follows the provisions of the statute. That this is sufficient under the general rule as to the charging of statutory offenses, is substantially conceded by the appellant; but he contends that statutes of the kind under consideration fall within a well known exception to the general rule, and that in charging one with a violation thereof it is not sufficient to follow its language, for the reason that by so doing there is nothing to individuate the offense so as to fully advise the defendant of the act with which he is charged.

In the statute under consideration there is a generic specification of the games which are prohibited as banking or other games played with cards, and there is also the specification of certain games, among them that of faro. Such being the fact, informations thereunder are brought within the general rule, and when a defendant is charged with conducting a game of faro, with the necessary allegations of time and place, the requirements of the section are met. Many authorities could be cited to establish this doctrine, but we do not deem it necessary to set them out here for the reason that under the most restricted system of pleading required by any of the text writers this information would be held good. For example, in Wharton's Criminal Pleading and Practice, § 220, the rule is laid down that it is sufficient to frame the indictment in the

words of the statute in all cases where the statute so fully individuates the offense that the defendant has proper notice from the mere adoption of the statutory terms what offense he is to be tried for. The rule as thus laid down is narrower than that announced in some of the other authorities, but even under this restricted rule the information in question is sufficient, for the reason that by prohibiting all gambling games in general and that of faro in particular the section under consideration so individuates the crime that the naming of it sufficiently informs the defendant as to the offense with which he is charged.

There is some difference among the authorities as to the necessity of naming the person with whom the game was played, but the better considered recent cases seem to hold that it is not necessary in charging offenses of this kind. It is the conducting of the game as the proprietor, and not the gambling with any particular person, which the statute prohibits. From the very nature of the game it is practically a continuing one, and players may change from time to time without there having been anything more than a technical cessation of the game during the time in which all of the different persons were engaged in playing. In our opinion this question was substantially decided by this court in the case of *Foster v. Territory*, 1 Wash. 411 (25 Pac. 459), for notwithstanding the contention of the appellant to the contrary, we think the rule therein announced, that the gravamen of the offense with which the defendant was there charged (which was that of permitting the game of faro to be dealt upon his premises) was in permitting the game to be dealt in prohibited places, applies in the case at bar, and that thereunder the gravamen of this offense is the conducting of the game as owner, and that there is no greater reason why the persons with whom the game is played should be named in the case at bar than in the one above cited.

In the brief of appellant the next five allegations of error are founded upon rulings of the court in the admission of testimony. These assignments of error, though not waived, were not pressed in the oral argument of the cause. We have, however, examined all of them, and are of the opinion that the court committed no error in the rulings thus complained of. If the statement of facts supported the allegations of the brief, that the court allowed the witness Inman to testify as to two distinct days upon which the offense in question was committed, there would be reason for sustaining the error assigned thereon, but an examination of such statement shows that this witness only stated in a general way that he had frequently seen the defendant during the months of September and October conducting the game of faro at the place named, but testified to only one particular day, and that the day named in the information. The testimony of this witness to the fact that chips and money were played for, and that certain named persons were in the game, was competent under the rule that the circumstances immediately surrounding the commission of the crime may be shown.

What witness Black said as to the admissions of the defendant was competent testimony. That witness Kelly used the expression, "that such was the fact according to his best impression," was not objectionable, for the reason that such expression was so qualified by his other testimony as to show clearly that what he meant thereby was that, at a certain date and place, he had seen the defendant engaged in conducting the game, according to his best recollection.

The next error assigned is that the court refused to dismiss the action after plaintiff had rested its case. We are unable to see anything at all justifying this allegation of error.

The further assignments of error grow out of the in-

structions given to the jury. The court instructed the jury that it was not necessary that they should find that the offense was committed upon the specific day charged in the information, but that it was sufficient if they found that it was committed on any specific day within one year next preceding the filing of the information, and in so doing correctly stated the law of the case.

Defendant further complains that the court instructed the jury that, if they found the game was carried on for gain, they must find defendant guilty. If the clause to which exception is taken stood alone, it would no doubt be open to the criticism that it authorized the jury to convict without all of the elements necessary to warrant them in so doing having been found by them to have been established by the evidence; but when such clause is construed with what the court said in immediate connection therewith, it is not open to any objection unless it be in the use of the word "must" instead of the word "may," and as to that, while it would have been better that the word "may" should have been substituted, it clearly appears that all the court intended to say was that if they found from the evidence that all the acts necessary to constitute the crime had been committed by the defendant, the law made it their duty to find him guilty.

This disposes of all the errors assigned, and it follows that the judgment and sentence must be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.