Ex parte WILLIAM CLEMMONS.

No. A-5101.    Opinion Filed April 15, 1924.

(225 Pac. 184.)

Habeas corpus by William Clemmons for release from custody. Writ denied.

Minter & McClendon, for petitioner.

The Attorney General, for the State.

BESSEY, J.    The petitioner, William Clemmons, was on January 10, 1924, convicted of the crime of receiving stolen property, with his punishment fixed by the court at confinement in the county jail of Marshall county for a period of 30 days beginning January 10th, and to pay a fine of $200 and the costs of the prosecution.    On the same day the trial judge issued a commitment against the petitioner to enforce the judgment, ordering the sheriff to keep petitioner confined in jail until the fine of $200 and the costs of the prosecution, taxed at $66, were paid. Petitioner claims that he should now be released from such confinement because he has served the term of imprisonment named in the primary judgment rendered against him, which did not recite that in addition to the term of imprisonment named therein he be confined for the nonpayment of fine and costs, and that the commitment, in so far as it relates to confinement for fine and costs, is void and inoperative, and for that reason petitioner is entitled to be released on habeas corpus.

The statute first enacted providing for imprisonment for nonpayment of a fine and costs (section 5958, R. L. 1910) provides as follows:

"A judgment that the defendant be imprisoned and pay a fine and costs may also direct that at the end of the prison sentence he be imprisoned until the fine and costs are satisfied.  *  *  *"

The judgment in this case made no such provision, but the commitment simultaneously issued did provide for imprisonment for failure to pay the fine and costs.

In the case of Ex parte Roller, 3 Okla. Cr. 384, 106 Pac. 548, in an opinion written by Judge Owen, the court said:

"The Legislature could provide for imprisonment for the nonpayment of fines and penalties imposed for the violation of law. * * * The judgment of the court * * * does not provide that the defendant be imprisoned until the fine and costs are paid."

It was adjudged that the petitioner for that reason should be discharged.

In Ex parte Bowes, 8 Okla. Cr. 201, 127 Pac. 20, in an opinion written by Judge Doyle, the court again said:

"The Legislature of this state would have authority to provide as a part of the penalty for the violation of law the payment of costs and the enforcement of the payment by imprisonment. Under the provisions of our penal code and procedure criminal, the costs are not made a part of the penalty."

See 25 C. J. "Fines and Penalties," §§ 19, 21, 22; 8 R. C. L. 269.

The Legislature in 1913 (section 6332, Comp. Stats. 1921), probably following the suggestions made by the court in the Roller and Bowes Cases, provided that the fine and costs "shall" be enforced by imprisonment. This statute in part reads as follows:

"All costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty * * * and costs in addition to the * * * fine assessed, shall be enforced by imprisonment."

This section specifically repeals prior statutes making a fine and costs a civil liability; the statutes so repealed are sections 885, 6917, 6918, 6921, 6922, 7068, 7793, Snyder's Comp. Laws 1909, also sections 2607, 5290, Stats. 1893; and it amends section 31a, c. 69, Sess. Laws 1910.

A fair construction of this statute impels us to hold that since its enactment its provisions relating to fines and costs automatically become a part of every criminal judgment imposing a fine or imprisonment, or both, and that a failure to make a recital in the judgment that the defendant be held until the fine and costs are satisfied in the manner provided by law will not on habeas corpus relieve the person so convicted from satisfying the fine and costs in the manner designated by this statute. Jackson v. Boyd, 53 Iowa, 536, 5 N. W. 734; Foster v. Territory, 1 Wash. 411, 25 Pac. 459; Murphy v. State, 38 Ark. 514; In re Luezler v. Perry, Sheriff, 18 Ohio Cir. Ct. R. 826; In re Carrie McAdams, 21 Ohio Cir. Ct. R. 450; Farris v. Dozier (Ky.) 82 S. W. 615. Section 6332 also provides how the fine and costs shall be satisfied. They may be satisfied by the payment in money of the amount named, and if the person convicted fails to make such payment the statute directs that the fine and costs "shall be enforced by imprisonment until the same shall be satisfied at the rate of one dollar per day." This brings the duration of the convicted person's imprisonment under his own control. By payment of the fine and costs he can at any time secure his release.

It is the better practice to recite in the judgment that the defendant stand committed until the fine and costs named are paid, at the rate $1 per day, but under our statutes a failure to incorporate such a recital in the judgment will not operate to give the petitioner relief on habeas corpus. So far as fine and costs are concerned both the accused and sheriff

are bound by the provisions of the statute which, by its terms, gives no discretion to the trial court to render a judgment other than that designated by the statute.

We conclude therefore that to all intents and purposes the fine and costs provisions of the statute automatically become a part of the judgment without any specific recital to that effect. Such recitals in the judgment are commended, however, in order that the convicted person and the sheriff may by an examination of the judgment and commitment avoid any misunderstanding as to the duration of the confinement.

The application of the petitioner for his release upon habeas corpus is denied.

MATSON, P. J., concurs.

DOYLE, J., dissents.