## Ex parte RICH WALKER.

No. A-5581. Opinion Filed June 13, 1925.
(236 Pac. 919.)

See, also, 23 Okla. Cr. 335, 214 P. 734.

E. T. Barbour, for petitioner.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. Rich Walker, the petitioner, avers that on the 14th day of December, 1922, by a judgment of the district court of Oklahoma county, predicated upon a verdict of a jury, he was adjudged guilty of a violation of the narcotic drug laws, with his punishment fixed at confinement in the penitentiary for a term of four years and to pay a fine of $5,000, the judgment further providing that:

"In default of payment of said fine the same shall be

enforced by imprisonment until the fine shall be satisfied, at the rate of one dollar per day.";

Petitioner says that he has served his four-year sentence, with time off for good behavior, and that the fine so imposed is unauthorized and void, and that his further detention by the warden of the penitentiary is unauthorized.

In the case Ex parte Bowes, 8 Okla. Cr. 201, 127 P. 20, it was said:

"In all cases of conviction when a fine is imposed," the court may "order the defendant committed to jail until the fine is paid, and * * * the power of the court to order a defendant sentenced to pay a fine to be committed is not confined to cases where a fine only is inflicted, but also extends to cases where both imprisonment and fine are inflicted."

It was further held in the Bowes Case that the power to punish by fine and imprisonment until such fine is paid did not include the power to include costs of prosecution and to adjudge that upon failure to pay such costs by the defendant that they, in addition to the fine, shall be satisfied by imprisonment.

The ruling in that case was predicated upon the provisions of section 6917, Comp. Laws 1909, providing:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

Subsequent to the holding in the Bowes Case, an attempt was made by the revisors of the statutes to amend this statute, as shown by section 5958, R. L. 1910 (section 2775, Comp. St. 1921), which is as follows:

"A judgment that the defendant be imprisoned and pay a fine and costs may also direct that at the end of the prison sentence he be imprisoned until the fine and costs are satisfied, specifying the extent of the imprisonment,

which cannot exceed one day for every two dollars of the fine and costs."

This section, however, never became effective, because the 1910 revision of the laws was a revision of the laws in force and effect on February 25, 1911, and between that date and the date of the approval of the revision (May 16, 1913) the Legislature passed another act, approved and made effective March 29, 1913 (chapter 112, Session Laws 1913; section 6332, Comp. St. 1921), which is as follows:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison."

This is the law as it now stands. Therefore that part of the judgment providing for the satisfaction of the fine and costs at the rate of $1 per day was in accordance with the express terms of the statute now, and then, in force and effect, and in harmony with the former decisions of this court. Smith v. State, 12 Okla. Cr. 513, 159 P. 941.

This court can therefore extend no relief to the petitioner so long as the fine and costs assessed against him remain unsatisfied, either by payment or by confinement at the rate of $1 per day.

The application for the writ is denied.

DOYLE and EDWARDS, JJ., concur.