# Ex parte ETHEL LYLES.

No. A-8262.   Oct. 2, 1931.
(3 Pac. [2d] 912.)

Moman Pruiett and Wes Croy, for petitioner.

Lewis R. Morris, Co. Atty., and Mart Brown, Asst. Co. Atty., for respondent.

DAVENPORT, P. J.   This is an original proceeding in habeas corpus, in which petitioner alleges she is unlawfully imprisoned and restrained of her liberty in the county jail of Oklahoma county by Stanley Rogers, sheriff of said county. It is urged by the petitioner that, when she was sentenced by the trial court, the trial court did not include in its sentence that, when petitioner had served her jail term, she would have to be confined in the county jail at the rate of $1 per day until the costs taxed against her were paid.

Section 6332, C. O. S. 1921, provides in part as follows:

"All costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such

offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of $1 per day of such fees and costs, or fine, or both."

This section has been construed by this court in several cases. In Ex parte Clemmons, 27 Okla. Cr. 50, 225 Pac. 184, 185, this court, in discussing section 6332, C. O. S. 1921, said:

"A fair construction of this statute impels us to hold that since its enactment its provisions relating to fines and costs automatically become a part of every criminal judgment imposing a fine or imprisonment, or both, and that a failure to make a recital in the judgment that the defendant be held until the fine and costs are satisfied in the manner provided by law will not on habeas corpus relieve the person so convicted from satisfying the fine and costs in the manner designated by this statute." Ex parte Smith, 33 Okla. Cr. 175, 242 Pac. 284.

Section 6332, supra, provides how the fine and costs shall be satisfied. They may be satisfied by payment in money of the amount named, but, if the person fails to make such payment, the statute directs that the fine and costs shall be enforced by imprisonment until the same shall be satisfied at the rate of $1 per day. The defendant, by paying the fine and costs, if any are assessed, can at any time secure his release.

Following the ruling in Ex parte Clemmons, supra, we hold that to all intent and purposes the fine and cost provision of section 6332, supra, automatically becomes a part of the judgment without any specific recital to that effect. However, it is better practice to recite in the

judgment that the defendant stands committed until the fine and costs are paid at the rate of $1 per day.

The application of the petitioner to be released upon habeas corpus is denied.

EDWARDS and CHAPPELL, JJ., concur.