## Ex parte W. B. BARNES.

No. A-9551.    Sept. 1, 1939.

(93 P. 2d 765.)

Mac Q. Williamson, Atty. Gen., and Ben Carter, Co. Atty., of Durant, for the State.

W. L. Steger, of Durant, for petitioner.

BAREFOOT, J. A petition for writ of habeas corpus has been filed by petitioner alleging that he is being unlawfully restrained of his liberty by John Williams,

sheriff of Bryan county. It is alleged that on October 13, 1937, petitioner was convicted in the district court of Bryan county, of the crime of manslaughter in the second degree, and his punishment was assessed at a fine of $1,000 and one year in the county jail. That he has served the one year jail sentence in the manner provided by law, and is being held by the sheriff for the reason that he has not paid the $1,000 fine. That he is a poor person and is unable to pay the same. That the verdict of the jury made no requirement that the fine of $1,000 be served in the county jail if the petitioner was unable to pay said fine, and that the order and decree of the court, as shown by the minute book, did not specify that defendant must serve the $1,000 fine by imprisonment in the event he was unable to pay said fine, and that the sheriff of Bryan county received no commitment showing that he was to hold petitioner in the event said fine was not paid.

The respondent admits the facts set forth in the petition, but further shows that, thereafter, and on the 24th day of August, 1938, there was filed in the district court of Bryan county an application for an order nunc pro tunc to correct the judgment and sentence entered on the 25th day of October, 1937, so that the same would speak the truth with reference to the judgment and sentence against petitioner. Notice of the application was duly served upon petitioner and his attorney of record. This application was heard by the district judge who presided at the trial of petitioner, and after said hearing, at which the county attorney of Bryan county and attorney for petitioner were present, and entered into an agreed statement of facts. The only fact to which there was no agreement was "that the state contended that the court had duly and legally sentenced the said W. B. Barnes to serve a term of one year in the county jail and to pay a fine of $1,000, and in default of payment of said fine, that the said petitioner be required to

serve out said fine and costs in the county jail of Bryan county, at the rate of $1 per day."

The trial court, who had originally heard the case and entered the judgment then granted, made the order permitting the nunc pro tunc order to be entered, stating that he remembered having sentenced petitioner, and that he knew that the latter part of the judgment and sentence had been pronounced by him, and that he always, in sentencing persons, required them to serve out the fine and costs in jail in default of payment. This nunc pro tunc order corrected the judgment and sentence and provided that if the fine was not paid that petitioner should be held in the manner provided by law.

It is earnestly contended by petitioner that the court did not have the right to enter the nunc pro tunc order, as above outlined, for the reasons: (a) That the order was not based on any evidence. (b) That petitioner was not present at the time the order was made. (c) That petitioner having served the jail sentence prior to the entering of the order that the court could not alter or set it aside. (d) That to permit the defendant to be so held by the sheriff constitutes double jeopardy.

The first contention is untenable for the reason that, according to the record and pleadings, there was an agreed statement of facts which is the same as the offering of evidence in a hearing of this character. In addition to this, the judge who tried the case heard the application, and had the right to use the knowledge which he had from a trial of the original case. Co-Wok-Ochee v. Chapman, 76 Okla. 1, 183 P. 610. The court also had before it for consideration the record and the minutes of the court which were entered at the time of the original trial. Cornelson v. State, 37 Okla. Cr. 338, 257 P. 1109.

The fact that petitioner was not present is also untenable. Notice was served by the county attorney person-

ally upon petitioner and his attorney of record, and his attorney was present and took part in the proceedings upon the application for the order. 16 C. J., sec, 3106, p. 1317; People v. Lenon, 79 Cal. 625, 631, 21 P. 967.

The contention that petitioner had already served the jail sentence, and that the court could not thereafter change the sentence, cannot be sustained for the reason that there was only one judgment against the defendant, and the same had not been served until the fine was paid. The authorities cited by petitioner have no application to the facts in this case. A careful reading of the case of Ex parte Lang, 18 Wall. 163, 21 L. Ed. 872, will bear this out.

The contention of petitioner that the action of the court was in effect placing him twice in jeopardy cannot be sustained. The entering of the nunc pro tunc order was not a changing of the judgment. It was only making the record speak the truth as it should have done originally. The courts of Oklahoma have been very liberal in permitting the court dockets to be corrected by an order nunc pro tunc, and the strict rule of construction has not been followed in this state. Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Ex parte Howland, 3 Okla. Cr. 142, 104 P. 927, Ann. Cas. 1912A, 840; Ex parte Riggert, 33 Okla. 303, 125 P. 485; Petition of Breeding et al., 75 Okla. 169, 182 P. 899; Dunn v. State, 18 Okla. Cr. 493, 196 P. 739. The fact that a commitment was not issued would be no cause for discharge upon habeas corpus. People v. Wignall, 56 Cal. App. 423, 205 P. 881; Howard v. United States, 6 Cir., 75 F. 986, 21 C. C. A. 586, 34 L. R. A. 509.

The authorities cited by petitioner, and especially the case of Ex parte Myers, 12 Okla. Cr. 575, 160 P. 939, construed the old statute, which was section 6917, Snyder's Annotated Statutes 1909; Section 5958, Rev. Laws 1910, which provided:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment."

The cases cited by petitioner are cases which construe the statute above quoted. The statute now in force is Oklahoma Statutes 1931, section 3166; Oklahoma Statutes Annotated, title 28, section 101, which provides:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison."

This statute has been construed in the case of Ex parte Clemmons, 27 Okla. Cr. 50, 225 P. 184, and is a complete answer to the contention of petitioner that he should be discharged in this case. The court says:

"The statute first enacted providing for imprisonment for nonpayment of a fine and costs (section 5958, R. L. 1910) provides as follows:

" 'A judgment that the defendant be imprisoned and pay a fine and costs may also direct that at the end of the prison sentence he be imprisoned until the fine and costs are satisfied.' * * *

"In the case of Ex parte Roller, 3 Okla. Cr. 384, 106 P. 548, in an opinion written by Judge Owen, the court said:

" 'The Legislature could provide for imprisonment for the nonpayment of fines and penalties imposed for

the violation of law. * * * The judgment of the court * * * does not provide that the defendant be imprisoned until the fine and costs are paid.'

"It was adjudged that the petitioner for that reason should be discharged.

"In Ex parte Bowes, 8 Okla. Cr. 201, 127 P. 20, in an opinion written by Judge Doyle, the court again said:

" 'The Legislature of this state would have authority to provide as a part of the penalty for the violation of law the payment of costs and the enforcement of the payment by imprisonment. Under the provisions of our penal code and procedure criminal, the costs are not made a part of the penalty.'

"See 25 C. J. 'Fines and Penalties,' §§ 19, 21, 22; 8 R. C. L. 269.

"The Legislature in 1913 (section 6332, Comp. Stats. 1921 [which is the same as Section 3166, Oklahoma Statutes, 1931]), probably following the suggestions made by the court in the Roller and Bowes Cases, provided that the fine and costs 'shall' be enforced by imprisonment. This statute in part reads as follows:

" 'All costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty * * * and costs in addition to the * * * fine assessed, shall be enforced by imprisonment.'

"This section specifically repeals prior statutes making a fine and costs a civil liability * * *.

"A fair construction of this statute impels us to hold that since its enactment its provisions relating to fines and costs automatically become a part of every criminal judgment imposing a fine or imprisonment, or both, and that a failure to make a recital in the judgment that the defendant be held until the fine and costs are satisfied in the manner provided by law will not on habeas corpus relieve the person so convicted from satisfying the fine and costs in the manner designated by this statute. [Citing numerous cases]. * * * They may be satisfied by the payment in money of the amount named, and if the person convicted fails to make such payment the statute directs that the fine and costs 'shall be en-

forced by imprisonment until the same shall be satisfied at the rate of $1 per day.' This brings the duration of the convicted person's imprisonment under his own control. By payment of the fine and costs he can at any time secure his release.

"It is the better practice to recite in the judgment that the defendant stand committed until the fine and costs named are paid, at the rate of $1 per day, but under our statutes a failure to incorporate such a recital in the judgment will not operate to give the petitioner relief on habeas corpus. So far as fine and costs are concerned both the accused and sheriff are bound by the provisions of the statute which, by its terms, give no discretion to the trial court to render a judgment other than that designated by the statute.

"We conclude therefore that to all intents and purposes the fine and costs provisions of the statute automatically become a part of the judgment without any specific recital to that effect. Such recitals in the judgment are commended, however, in order that the convicted person and the sheriff may by an examination of the judgment and commitment avoid any misunderstanding as to the duration of the confinement."

This case has been followed by this court in the case of Ex parte Ethel Lyles, 52 Okla. Cr. 167, 3 P. 2d 912, in an opinion by Judge Davenport, where it is said:

"Following the ruling in Ex parte Clemmons, supra, we hold that to all intent and purposes the fine and cost provision of section 6332, supra [section 3166, Okla. Stats. 1931], automatically becomes a part of the judgment without any specific recital to that effect."

See, also, McCasland v. Board of Commissioners of Adair County, 126 Okla. 103, 258 P. 750; Ex parte Walker, 31 Okla. Cr. 36, 236 P. 919; Ex parte Bell, 34 Okla. Cr. 354, 246 P. 893; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284; Ex parte Gilmore, 56 Okla. Cr. 201, 36 P. 2d 304.

For the reasons above stated the application of petitioner for a writ of habeas corpus is denied, and he is remanded to the custody of the sheriff of Bryan county.

DOYLE, P. J., and DAVENPORT, J., concur.