EX PARTE TONGATE.

CRIMINAL LAW.—*Term of Imprisonment.*—Where a defendant was sentenced to an imprisonment in the county jail for ninety days, and until a fine of one dollar and the costs of the prosecution were paid or replevied;

*Held,* that when the imprisonment for the ninety days had been completed, that portion alone of the sentence was discharged, and there remained the imprisonment for the fine and costs—that the defendant was not entitled to a credit of fifty cents per day upon the fine and costs from the date when his imprisonment commenced.

APPEAL from the Orange Common Pleas.

RAY, J.—Tongate was sentenced to an imprisonment in the county jail for ninety days, and until a fine of one dollar and the costs of the prosecution were paid or replevied. At the expiration of the ninety days he applied for a discharge, on the ground that under section 130, 2 G. & H. 421, he was entitled to a credit of fifty cents per day upon the fine and costs from the date when his imprisonment commenced. This application was refused. The ruling was correct. The imprisonment for ninety days was only a part of the sentence, and must be completed before the other portion of the same sentence could begin. It is not like two penalties, imposed for two separate offenses, where both are held to run together. *Miller* v. *Allen,* 11 Ind. 389. In this case, when the imprisonment for the ninety days had been completed, that portion of the sentence alone was discharged, and there remained the imprisonment for the fine and costs.

Judgment affirmed, with costs.

*H. Heffren,* for appellant.