HENRY W. SMITH AND WM. MIMS v. THE TERRITORY OF OKLAHOMA.

(Filed September 3, 1904.)

1. GRAND JURY—Summoning of—Jurisdiction of District Courts. The district courts of Oklahoma possess common law jurisdiction, and these courts have the power and authority to invoke the common law method of summoning a grand jury when no other provision is made by statute, or when the provision so made is inadequate.

2. CRIMINAL LAW—Evidence—Larceny—Declarations of Accused. Where a person is arrested and is in the possession of the property alleged to have been stolen, any statement or declaration made by him at the time of the arrest in reference to the possession thereof, is admissible in evidence as explanatory of the char-

acter of his possession, and constitutes a part of the res gestae, but any statement or declaration made by the accused in reference to the property stolen, when not in the possession thereof, is no part of the res gestae, and is therefore inadmissible in his behalf.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before Frank E. Gillette, Trial Judge.*

*Glitsch, Randolph & Glitsch,* and *Frank Pace,* for plaintiffs in error.

*J. C. Robberts, Attorney General,* and *C. H. Woods, Assistant,* for defendant in error.

Opinion of the court by

HAINER, J.: The defendants were indicted, tried and convicted of the crime of stealing domestic animals, and sentenced to serve a term of two years in the territorial penitentiary. From this judgment defendants appeal.

The first assignment of error upon which the plaintiffs in error seek to reverse the judgment, is that the grand jury which returned the indictment in this case was not selected, drawn and impanelled as provided by law. This objection is not well taken. The case of *Goodson v. United States,* 7 Okla. 117, is decisive of this question. By the provisions of section 9 of the Organic Act of this Territory, the district courts possess common-law jurisdiction, and these courts have the power and authority to invoke the common law method of summoning a grand jury, when no other provision is made by statute, or when the provision made by statute has been exhausted.

The supreme court of Utah, in passing upon this same question, in the case of *United States v. Clawson,* 3 Pac. 689

says: "The laws of the United States give to the district courts of the territories common-law jurisdiction, and these courts have the authority to employ the common law method of summoning a jury, when no other is furnished by statute, or when the method so furnished has been exhausted."

It is next claimed that the indictment does not state a public offense, and therefore the court erred in overruling the demurrer thereto, and in overruling the motion in arrest of judgment. In our opinion, the indictment clearly and concisely charges a public offense either under the act of 1893 or the act of 1895, and hence the demurrer to the indictment and the motion in arrest of judgment were properly overruled.

It is urged by the appellants that the court erred in excluding competent evidence which was offered to be introduced by the defendants. It appears from the record that during the course of the trial, defendant Henry W. Smith, who was introduced as a witness in his own behalf, was asked by his counsel the following questions:

Q. "Did you at the time you were arrested by the officers make any statement as to how you became possessed of the property that is alleged to have been stolen in this case?"
Q. "Was there at the time you were arrested anything said between you and the official who arrested you concerning your possession of these mules?"

The Territory objected to each of these questions, which objections were sustained by the court and the defendants excepted and assign them as error. It is contended by the plaintiffs in error that this evidence was incompetent. In support of this contention they cite the case of *Mitchell v. The Territory,* 7 Okla. 527. This case has no application to

the case under consideration. In the Mitchell case the defendants were at the time of the arrest in possession of the property and the court held that any explanation given by them at the time when first found in possession of the property, was admissible as explanatory of any criminating circumstance in reference to the possession thereof, and was a part of the *res gestae*. But in the case under consideration, the evidence shows that at the time the defendants were arrested they were not in possession of the property. On the contrary, the evidence shows that the defendants had placed the mules, (which are the subject of larceny,) in a pasture south of Lawton, and were on their way back to Anadarko, and that the defendant Smith was arrested at Apache. The evidence therefore was clearly inadmissible, and the court properly sustained objections thereto.

The instructions of the court fairly and correctly state the law applicable to the case.

Finding no error in the record, the judgment of the district court is affirmed.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.