# *Ex parte* T. C. BOWES.

No. A-1308.    Opinion Filed October 19, 1912.

(127 Pac. 20.)

1.    FINES—Imprisonment for Non-payment.    Under the common-law practice, wherever a court has power to impose a fine, it has power to compel the payment thereof by imprisonment of the defendant.

2.    SAME.    Under section 6917, Procedure Criminal, authorizing the court, in all cases of conviction when a fine is imposed, to order the defendant committed to jail until the fine is paid, and prescribing the rate per day for determining the period of imprisonment for the nonpayment of the fine, the power of the court to order a defendant sentenced to pay a fine to be committed is not confined to cases where a fine only is inflicted, but also extends to cases where both imprisonment and fine are inflicted as a punishment.

3.    COSTS—Imprisonment for Non-payment.    The power to punish by fine and imprisonment until such fine is paid does not include the power to add to such fine the costs of prosecution, and adjudge that, upon a failure to pay such costs, they shall be satisfied by imprisonment as a part of the fine.

4.    SAME—Constitutional Law—Imprisonment for Nonpayment.    Bill of Rights, Const. art. 2, sec. 13 (21 Williams'), provides that: "Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for violation of law."    Held that, under this provision, the Legislature would have authority to provide as a part of the penalty for a violation of law the payment of costs and the enforcement of the payment by imprisonment, and further held that, under the existing statutes, the costs are not made a part of the penalty for a violation of law.    Therefore it is not within the power of the courts to imprison a convicted defendant for nonpayment of costs.

5.    STATUTES—Adoption From Other State—Construction.    The rule that, where a statute is adopted from another state, the adoption carries with it the construction placed thereon by the courts of that state, is a general rule, to which there are exceptions.    Where the statute is not peculiar to the state from which it was adopted, but other states have substantially the same statute which their courts have construed differently, and when the construction placed upon it by the courts of the state from which it was adopted is opposed to the weight of reason and authority, or against the general policy of our laws, such construction will not be followed.

(Syllabus by the Court.)

Application of T. C. Bowes for writ of *habeas corpus.* Denied.

*Webster & Lackey,* for petitioner.

*E. J. Lindley,* Co. Atty., *Chas. T. Randolph,* Asst. Co. Atty., *Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for respondent.

DOYLE, J. This is a petition for a writ of *habeas corpus* wherein the petitioner, T. C. Bowes, alleges that he is illegally restrained of his liberty. The facts of the case as they appear from the pleadings are substantially as follows:

On the 14th day of July, 1911, the petitioner was convicted in the county court of Custer county of selling intoxicating liquors in violation of the prohibition law, and was sentenced to 30 days' imprisonment in the county jail and to pay a fine of $100 and to pay the costs taxed at $64.40, and, in default of payment of said fine and costs, that the defendant be further imprisoned in the county jail until the fine and costs are satisfied by one day's confinement for every $2 of the fine and costs. On the same day the clerk of the county court delivered to the sheriff a commitment, and on the same day the sheriff arrested the petitioner and committed him to the county jail. The petition was filed in this court August 14, 1911. A writ of *habeas corpus* was properly issued on said petition, returnable on the 29th day of said month, and it was ordered that pending the hearing petitioner be admitted to bail in the sum of $300. There was also filed a waiver of the presence of the petitioner. The respondent, sheriff of Custer county, made return in part as follows:

"That the petitioner, T. C. Bowes, was committed to my custody on the 14th day of July, 1911, in accordance with a judgment rendered in the county court of said Custer county and a commitment issued out of said court on said date; that his jail sentence expired at midnight on the 12th day of August, 1911, and that since said last-named date I hold said T. C. Bowes under said judgment and commitment for the nonpayment of his fine and costs, and will continue to hold him in my custody, as I now hold him, till said fine and costs are liquidated at the rate

of one day for each $2.00 of said fine and costs, unless I am ordered to release him by some court of competent jurisdiction."

Counsel for petitioner contend:

"That the imprisonment to satisfy the fine and costs is illegal, because the sentence is for imprisonment and a fine, and there is no statute to warrant imprisonment in the matter of such judgments for nonpayment of the fine, or imprisonment for nonpayment of the costs."

Counsel cite to our attention the following provisions of the Constitution and statutes to support their contention: Const. art. 1, sec. 7 (section 8, Williams'), relative to unlawful sale of intoxicating liquors, provides as a punishment:

"By fine not less than fifty dollars and by imprisonment not less than thirty days for each offense."

Section 4180 (Comp. Laws 1909) of the Prohibition Law provides:

"A violation of any provisions of this section shall be a misdemeanor and shall be punished by a fine of not less than fifty dollars, nor more than five hundred dollars, and by imprisonment for not less than thirty days, nor more than six months."

Section 6917, Comp. Laws 1909, Procedure Criminal, provides:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine," (St. 1890, sec. 5725.)

Section 6918, Comp. Laws 1909, provides:

"A judgment that the defendant pay a fine constitutes a lien, also, in like manner, as a judgment rendered for money, rendered in a civil action." (St. 1890, sec. 5726.)

Section 6921, Comp. Laws 1909, provides:

"If the judgment is for a fine alone, execution may issue thereon as on a judgment in a civil action." (St. 1890, sec. 5729.)

Section 6922, Comp. Laws 1909, provides:

"If the judgment be imprisonment, or fine and imprisonment until such fine be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with." (St. 1890, sec. 5730.)

Counsel contend, and we concede correctly, that these procedure criminal statutes were enacted in 1890 at the session commencing August 23d, and were copied verbatim from the Code of Criminal Procedure of Dakota Territory, and Dakota adopted her Code from California in 1885; and both statutes are the same and are interpreted in the case of *In re Rosenheim,* 83 Cal. 388, 23 Pac. 372, which was decided on March 6, 1890, wherein the Supreme Court of California interprets the sections above quoted, and holds:

"Pen. Code Cal. sec. 1205, which provides that judgment that defendant 'pay a fine' may also direct that he be imprisoned until the fine be satisfied, does not apply to those cases in which the court has imposed a term of imprisonment and also a fine, but it applies only to these cases in which the fine stands alone as a punishment. *People v. Righetti* [66 Cal. 184] 4 Pac. [1063] 1185, overruled."

And in *People v. Brown,* 113 Cal. 35, 45 Pac. 181, we have these sections construed, and the court says:

"We have repeatedly held that where a judgment of imprisonment has been rendered, and also a judgment of fine, there can be no imprisonment to satisfy the fine."

And it is insisted by counsel for petitioner that, since these sections of our criminal procedure act were adopted originally from California, we adopted the construction placed thereon by the courts of the latter state, which had been rendered before the adoption of the statute. The principal question presented for determination in this case is, Was the county court authorized to adjudge the defendant to be confined in the county jail for a failure to pay the fine?

We are of the opinion that where the punishment for an offense is both fine and imprisonment, under the common-law practice and under the statute also (section 6917, *supra*), the trial court may properly adjudge the defendant, for a failure to pay the fine, to be imprisoned, such imprisonment to commence after the expiration of the term fixed as a punishment for the crime. It is provided in the Bill of Rights, Const. art. 2, sec. 13 (section 21, Williams'), that:

"Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

"Under the common-law practice, wherever a court has power to impose a fine it has the power to compel the payment thereof by the imprisonment of the party fined." (19 Cyc. 551.)

We fully concede that the rule relied upon, "when one state adopts the statute of another, it adopts only the construction placed thereon by the courts of the latter state which have been rendered before the adoption of the statute" (*Barnes v. Lynch,* 9 Okla. 156, 59 Pac. 995), is the general rule of statutory construction, but to this well-known rule of construction there are numerous exceptions, as was said by Mr. Justice Porter, delivering the opinion of the Supreme Court of Kansas in the case of *State v. Campbell,* 73 Kan. 688, 85 Pac. 784, 9 L. R. A. (N. S.) 533, 9 Ann. Cas. 1203:

"We recognize the force of the rule that, where one state adopts a statute from another state, it adopts the construction placed thereon by the courts of that state. But this is a general rule to which here are numerous exceptions. It is not an absolute rule. In *Dixon v. Ricketts,* 26 Utah, 215, 221, 72 Pac. 947, 949, it is said: 'It is a general, though not a binding, rule of statutory construction that where the provisions of a statute have received judicial construction in one state, and it is then adopted in another state, it is adopted with the construction so given it.' See, also, *F. M. Davis Ironworks Co. v. White* [31 Colo. 82], 71 Pac. 384; *Coulam v. Doull,* 4 Utah, 267, 9 Pac. 568. Endlich on the Interpretation of Statutes (section 371) says: 'Whilst admitting that the construction put upon such statutes by the courts of the state from which they are borrowed is entitled to respectful consideration, and that only strong reasons will warrant a departure from it, its binding force has been wholly denied, and it has been asserted that a statute of the kind in question stands upon the same footing, and is subject to the same rules of interpretation, as any other legislative enactment. And it is manifest that the imported construction should prevail only in so far as it is in harmony with the spirit and policy of the general legislation of the home state, and should not, if the language of the act is fairly susceptible of another interpretation, be permitted to antagonize other laws in force in the latter, or to conflict with its settled practice. Thus it has been held that the presumption will not be indulged where other jurisdictions having the identical or substantially the same provision had, almost without exception, given to the language a different construction long prior to the adoption in question.' 26 A. & E. Enc. of

Law, 703. It has been held that, where the statute is not peculiar to the state from which it was adopted, but other states have substantially the same statute which their courts have construed differently, and when the construction placed upon it by the courts of the state from which it was taken is contrary to the weight of authority, the decision is not binding. In *Coad v. Cowhick et al.,* 9 Wyo. 316, 63 Pac. 584, 87 Am. St. Rep. 953, the court refused to follow a decision of the Ohio court construing a statute adopted from that state holding a judgment not a lien upon after-acquired lands of the judgment debtor. The reasons stated by the court are that the statute under consideration is not peculiar to Ohio, because other states have similar provisions, using the identical words or language the same in substance, and because the decision of the Ohio court in the opinion of the Wyoming court was opposed to the best reasoning and the weight of authority. In 3 Current Law, p. 739, it is said: 'A statute copied from a similar statute of another state is presumed to be adopted with the construction it had already received. The presumption, however, is not conclusive, and, where the same provision exists in several states, there is no presumption that the construction of any particular state was in view.' The question before us, however, is not whether this statute was in fact adopted from Missouri, about which there can be no dispute, but whether we should be bound by it absolutely. To regard ourselves as bound by it absolutely would give it greater weight than if it had been the decision of this court originally. If such were true, the right and duty of this court to disregard it would not be denied, if, upon re-examination, it should be found opposed to the better reasoning, in conflict with the great weight of authority, or not in harmony with the spirit and policy of our laws."

As we view it, our statute is but a re-enactment of the common law as to imprisonment for the nonpayment of fine, and the practice at common law was to imprison for fine, even if imprisonment was also imposed. *Beecher's Case,* 8 Coke, 58.

"As a general rule, where the punishment for an offense is both fine and imprisonment, the court may order defendant, for a failure to pay the fine, to be imprisoned, and that such imprisonment begin after the expiration of the term fixed as a punishment for the crime." (19 Cyc. 553, citing [note 47] *Berkenfield v. People,* 191 Ill. 272, 61 N. E. 96; *Ex parte Tongate,* 31 Ind. 370; *State v. Myers,* 44 Iowa, 580; *State v. Hyland,* 36 La. Ann. 709; *People v. Sage,* 13 App. Div. 135, 43 N. Y.

Supp. 372; *Fisher v. McDaniel,* 9 Wyo. 457, 64 Pac. 1056, 87 Am. St. Rep. 971.)

Section 6917, *supra,* leaves it discretionary with the trial court to provide imprisonment for nonpayment of fine at one day for each $2 of the fine, and where the judgment does not so recite, then the fine can only be collected as a judgment rendered for money rendered in a civil action. *Ex parte Roller,* 3 Okla. Cr. 384, 106 Pac. 548.

We have next to consider whether under the statute a convicted defendant can be imprisoned for nonpayment of costs. This question was directly passed upon in the case of *Ex parte Harry,* 6 Okla Cr. 168, 117 Pac. 726, wherein it was held that·

"The power to punish by fine and imprisonment until such fine is paid does not include the power to add to such fine the costs of the prosecution, and adjudge that, upon failure to pay such costs, they shall be satisfied by imprisonment as a part of the fine."

Costs were unknown to the common law, and the power to impose costs must be found in the statute, or it does not exist. The only provision in our statutes which imposed as a part of the penalty for the violation of law the payment of costs is section 7174, Comp. Laws 1909, which in all cases of misdemeanor triable before a justice of the peace and giving the defendant the right in case of conviction to appeal to the district court provided that:

"If upon the trial in the district court the defendant be convicted, the court must assess the punishment and render judgment against the defendant accordingly, which must include the costs in all courts, and order that the defendant secure the same or stand committed, at the per diem allowed by law, until the amount of the fine and costs are liquidated." (Session Laws 1895, p. 206.)

Under the Constitution this provision of the territorial law was not adopted and said section 7174, Procedure Criminal, is improperly printed in Compiled Laws, 1909. Another provision relating to costs in criminal cases is found in section 2853 of the Penal Code, which provides:

"In all cases of conviction, the costs of the prosecution shall be taxed against the defendant, and enforced as other judgments in criminal causes."

This provision in itself is not sufficient to authorize the courts to imprison a convicted defendant for nonpayment of costs, because under our Criminal Code the costs are not made a part of the punishment for a violation of law.

Under Bill of Rights, sec. 13, *supra,* permitting imprisonment for the nonpayment of fines and penalties imposed for the violation of law, the Legislature of this state would have authority to provide as a part of the penalty for the violation of law the payment of costs and the enforcement of the payment by imprisonment. Under the provisions of our Penal Code and Procedure Criminal, the costs are not made a part of the penalty for the violation of law. The power to punish by fine does not include the power to add to such fine as may be deemed a proper penalty for the offense committed the costs of the prosecution also. Therefore the courts of this state have not the power to imprison a convicted defendant for the nonpayment of costs. That the judgment and sentence in this case exceeds the limitations of the statute in that imprisonment for nonpayment of costs is a punishment not authorized by law does not entitle the petitioner to be discharged, as he has not satisfied that part of the judgment and sentence the law authorized the court to impose.

The writ of *habeas corpus* is therefore discharged, and the petitioner is remanded to the custody of the sheriff of Custer county.

FURMAN, P. J., and ARMSTRONG, J., concur.