## Ex parte FRED DUNNAVANT.

No. A-7201.   Opinion Filed Dec. 14, 1928.
(271 Pac. 861.)

W. N. Redwine, for petitioner.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The opinion filed November 19, 1928, is withdrawn and the following opinion filed:

Fred Dunnavant, petitioner avers that on the 11th day of March, 1928, by judgment of the superior court of Okmulgee county, he was convicted and sentenced to one year and one day, on a charge of adultery, and further sentenced by the court to pay the cost of the prosecution taxed at $58.30. The court awarded execution. The judgment further provides, if said costs are not paid, that said prisoner be confined for one day of each $1 until the costs are satisfied.

Petitioner alleges that he has served his time of one year and a day in the penitentiary, counting good time which has been given him under the laws of the state of Oklahoma, and under the rules and regulations of the prison; that the time of one year and a day, as provided in said judgment, expired on the 13th day of October, 1928, and that said prisoner is entitled to be released from said prison. Petitioner alleges that he is not financially able to pay the costs of $58.30.

It is further alleged by petitioner that the state of Oklahoma, through its warden of the state penitentiary, has no authority under the law to hold said petitioner in the penitentiary to serve one day for each $1 of the costs taxed against him; that the imprisonment now imposed against the petitioner, confining said petitioner in the said state penitentiary to serve said costs at $1 per day, is unlawful, null, and void, and said petitioner is unlawfully held without authority of law, and is entitled to be discharged from prison. Section 57, art. 5, of the Constitution of Oklahoma, provides as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in (the) title, except, * * * general revenue bills: * * * Provided, that if any subject be embraced in any act contrary to * * *

this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It is urged by the petitioner that there is no law authorizing the confinement of a state convict in the state penitentiary to serve out the costs taxed against him. And it is further urged by petitioner that the only law in existence, providing for imprisonment of a person who has been convicted in any court to serve a term for the satisfaction of costs, where the same is not paid by the party convicted, appears in Session Laws 1913, p. 203, now section 6332 of the Compiled Statutes of 1921. The title to the said act reads as follows:

"An act to amend section 31(a) of chapter 69 of the Session Laws of 1910, providing for the working of county, city and town convicts upon public highways, rock piles, or other public work; for the imprisonment and working of such convicts upon the public highways in lieu of payment of fine and costs, and regulating the time of such imprisonment and work; repealing sections 2607 and 5290 of the Statutes of Oklahoma, 1893, and sections 41 and 42, of article one (1), of chapter 32 of the Session Laws of 1909, and sections 885, 6917, 6918, 6921, 6922, 7068, and 7793 of Snyder's Compiled Laws of Oklahoma, 1909, are hereby repealed; and declaring an emergency."

Section 6332 was section 1 of the act contained in Session Laws 1913, at page 203, under the above and foregoing caption; and section 6332 being as follows:

"Section 31(a). The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions, shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall

be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison."

It will be noted that the act repeals all former laws pertaining to serving time in prison for costs. The title of the act hereinabove referred to refers only to county, city, and town convicts, and makes no reference whatever to state convicts. 13 Corpus Juris, at page 912, says:

"State convicts embrace all that class of persons convicted of crime and sentenced to hard labor for the state in the penitentiary, within or without the walls. County convicts embrace all those sentenced to hard labor for the county, whether in or out of the county."

Section 10154 gives the board of public affairs authority to contract with the county commissioners, and to make all necessary arrangements for working state convicts upon public highways of the state. It seems clear that our Legislature has drawn a distinction between the county and state convicts; that it has defined and classed county, city, and town convicts as county convicts, and those who have been sent to the penitentiary as state convicts.

It is clear, from reading the act known as House Bill 37, contained in Session Laws of 1913, page 203, that the title of the said act does not include state convicts, but only mentions county, city, and town convicts. The title of the act having defined the persons convicted, who are required to serve out their time in prison for costs, to be county convicts, we cannot read into the body of the act that the same would apply to state convicts. In our opinion, the title of the act has defined the class of convicts that may be imprisoned for fine or costs.

It is the opinion of this court that there is no statute requiring a state convict, after he has served out his term of imprisonment, to remain in the state penitentiary until

he has served out the costs at $1 per day. The restraint of the petitioner by the warden of the penitentiary, for the payment of costs, is without authority of law. Any opinion heretofore rendered, in conflict with this opinion, is hereby overruled.

The writ is therefore allowed, and petitioner discharged.

DOYLE, P. J., and EDWARDS, J., concur.