## Ex parte JIM McCOY.

No. A-7261.   Opinion Filed Oct. 10, 1929.
Dissenting Opinion Oct. 19, 1929.
(281 Pac. 813.)

W. N. Redwine, for petitioner.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The petitioner herein, Jim McCoy, was regularly convicted in Ottawa county, Okla., in two cases for possession of narcotics, and was sentenced to the penitentiary to serve a term of five and four years, respectively, and to pay a fine of $5,000 in the first case and $2,500 in the second case.   The petitioner has served the penitentiary portion of the sentence, but the fines have not been paid, neither have they been served in the penitentiary, and it is the contention of the petitioner in error, since the 1913 law, no fine can be collected in felony cases.   This is the only point in the case at bar.

The petitioner contends that sections 5 and 6 of chapter 112, Session Laws of 1913, repeals all acts of the Legislature authorizing imprisonment for nonpayment of fines and costs, and that since the passage of the act of 1913

the state of Oklahoma is without any authority to confine the petitioner in the penitentiary for the nonpayment of the fine and costs assessed against him upon his conviction in the two cases in Ottawa county.

Section 13, article 2, Constitution of Oklahoma, provides:

"Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

Under the provisions of this section of the Constitution, the Legislature undoubtedly has authority to provide for imprisonment for nonpayment of fines and penalties imposed for the violation of law.

The title of chapter 112, Session Laws of 1913, is as follows:

"An act to amend section 31 (a) of chapter 69 of the Session Laws of 1910; providing for the working of county, city and town convicts upon public highways, rock piles, or other public work; for the imprisonment and working of such convicts upon the public highways in lieu of payment of fines and costs, and regulating the time of such imprisonment and work; repealing, sections 2607 and 5290 of the Statutes of Oklahoma, 1893, and sections 41 and 42, of Article one (1), of chapter 32 of the Session Laws of 1909, and sections 885, 6917, 6918, 6921, 6922, 7068 and 7793 of Snyder's Compiled Laws of Oklahoma, 1909, are hereby repealed; and declaring an emergency."

This title provides: First, for the amendment of section 31 (a) of chapter 69 of the Session Laws of 1910 to authorize imprisonment for nonpayment of fine and costs in all criminal cases. Sesond, for the working of a certain class of prisoners, to wit, county, city, and town convicts upon public highways, rock piles or other public works in lieu of payment of fine and costs. Third, fixes rate of allow-

ance on all fines and costs in all criminal cases. These subjects are all germane to the act.

It will be noted that chapter 112, supra, amended section 31 (a), chapter 69, Session Laws of 1910, which reads as follows:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, and the clerk of the county court, the sheriff and the county attorney as provided in this act, and all costs in the prosecution whether of the grade of misdemeanor or felony, shall in case of conviction be taxed as costs in the case and a judgment rendered against the defendant therefor; and award execution for the collection of the same as on execution in civil actions."

Section 31 (a), as amended by section 1, chapter 112, Session Laws of 1913, reads as follows:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison."

Section 31 (a), chapter 69, Session Laws of 1910, provided for the collection of costs whether of the grade of misdemeanor or felony, only by execution. Section 31 (a), as amended by section 1, chapter 112, Session Laws

of 1913, provided that the costs in all criminal actions should in case of conviction be adjudged as part of the penalty of the offense and for imprisonment until the fine and costs were paid at the rate of $1 per day.

This court, in the case of Ex parte Bowes, 8 Okla. Cr. 201, 127 Pac. 20, 23, had held:

"Under Bill of Rights, § 13, supra, permitting imprisonment for the nonpayment of fines and penalties imposed for the violation of law the Legislature of this state would have authority to provide as a part of the penalty for the violation of law the payment of costs and the enforcement of the payment by imprisonment. Under the provisions of our Penal Code and Procedure Criminal, the costs are not made a part of the penalty for the violation of law. The power to punish by fine does not include the power to add to such fine as may be deemed a proper penalty for the offense committed the costs of the prosecution also. Therefore the courts of this state have not the power to imprison a convicted defendant for the nonpayment of costs."

Section 31 (a), c. 69, Session Laws of 1910, was amended by the Legislature evidently for the purpose of meeting the situation created by Ex parte Bowes, supra, wherein this court had held that there was no authority for imprisonment of convicts for nonpayment of costs.

Section 6917, Snyder's Compiled Laws of Oklahoma (Comp. Laws 1909), provided for imprisonment for nonpayment of fine at not exceeding a day for every $2 of the fine. This apparently left the length of term of each prisoner to be fixed in the discretion of the trial judge. Some judges fixed the rate of imprisonment at $1 per day and others $2. Section 6, chapter 112, Laws 1912, supra, expressly repealed this act and by section 31 (a), c. 69, Laws 1910, as amended by section 1, chapter 112, Laws 1913, fixed a uniform rate for prisoners in all criminal

cases at $1 per day for both fine and costs. The state had always had authority under the statute to imprison for nonpayment of fines, but had never had any authority to imprison for costs until after the passage of chapter 112, S. L. 1913. By this act the Legislature provided that the fine and costs should be part of the penalty in all cases; that defendants might be imprisoned in all cases for nonpayment of fine and costs; and that the allowance per day for nonpayment of fine and costs should be reduced from a maximum of $2 to $1 per day in all criminal cases whether misdemeanor or felony. It is evident from the reading of chapter 112, supra, that the Legislature intended to broaden the scope of the imprisonment act to include every class of criminal cases whether misdemeanor, felony, or quasi criminal, and further to broaden the act by including the costs as part of the penalty to meet the conditions created by the decision of this court in the case of Ex parte Bowes, supra.

In the case of Ex parte Walker, 31 Okla. Cr. 36, 236 Pac. 919, this court said:

"When a judgment in a criminal action imposes confinement, and in addition thereto a fine and costs, the fine and costs may, at the termination of the period of confinement specified, be enforced by further imprisonment until paid or satisfied at the rate of $1 per day. a. Upon this subject section 6332, Comp. Stat. 1921, supersedes section 2775 and earlier statutory provisions."

In the body of the opinion this court, referring to section 1, chapter 112, Session Laws 1913, says of such section:

"This is the law as it now stands. Therefore that part of the judgment providing for the satisfaction of the fine and costs at the rate of $1 per day was in accordance with the express terms of the statute now, and then in

force and effect, and in harmony with the former decisions of this court. Smith v. State, 12 Okla. Cr. 513, 159 Pac. 941."

In Ex parte Bowes, 8 Okla. Cr. 201, 127 Pac. 20, this court said:

" 'In all cases of conviction when a fine is imposed,' the court may 'order the defendant committed to jail until the fine is paid, and * * * the power of the court to order a defendant sentenced to pay a fine to be committed is not confined to cases where a fine only is inflicted, but also extends to cases where both imprisonment and fine are inflicted'."

It will thus be seen that the right to imprison for nonpayment of fine has always been upheld by this court, but that the right to imprison for nonpayment of costs was held not to exist prior to the passage of chapter 12, Session Laws 1913.

In the case of Ex parte Dunnavant, 41 Okla. Cr. 113, 271 Pac. 866, in paragraphs 2 and 3 of the syllabus, this court said:

"There is no statute requiring a state convict, after he has served his term of imprisonment, to remain in the state penitentiary until he has satisfied the costs taxed against him at $1 per day.

"The restraint of a convict by the warden of the state penitentiary for the payment of costs is without authority of law."

Upon a reconsideration of this whole question, the court is of the opinion that the statute authorizes imprisonment in felony cases for nonpayment of fine and costs. The case of Ex parte Dunnavant, supra, is therefore expressly overruled.

For the reasons stated the writ is denied.

EDWARDS, P. J., concurs.

DAVENPORT, J. (dissenting). In dissenting from the opinion of the majority of the court, I deem it necessary to set forth the main allegations of the petition.

Petitioner alleges that he was convicted in the district court of Ottawa county, Okla., on two charges, and on the 21st day of May, 1923, was sentenced on the first conviction to five years at hard labor in the state penitentiary at McAlester, and to pay a fine of $5,000 and costs; that on the said 21st day of May, 1923, on the second conviction was sentenced by the court to imprisonment in the penitentiary for a term of four years, at hard labor and a fine of $2,500 and costs. This sentence to begin at the expiration of the term of the first sentence imposed in case No. 869.

Petitioner further alleges that he commenced serving his sentence in the penitentiary on said conviction and imprisonment on said sentence for the term of five years on the 21st day of May, 1923, and granting good time which had been given petitioner under the laws of the state of Oklahoma, and the rules and regulations of the prison, the five years' sentence expired on the 1st day of March, 1926. And under the terms of the sentence of the court in No. 872, the sentence provided that his term of imprisonment on the second conviction should begin at the expiration of his term in case No. 869, which was the first conviction and charge upon which petitioner was sentenced.

The petitioner further alleges that his imprisonment under the second sentence expired June 7, 1928. Petitioner further alleges that he has served his full time of imprisonment under the second sentence, and that he is now being held and imprisoned unlawfully and without authority of law.

It is contended by the petitioner that the state of Oklahoma, through its warden, has no authority under the law to hold said petitioner in the penitentiary to serve one day for each $1 of the fines and costs taxed against him; and that he is unlawfully restrained of his liberty by the warden, and is entitled to be discharged.

Section 13, art. 2, Constitution of Oklahoma, provides:

"Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

Section 57, art. 5, of the Constitution, provides as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length; Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

Under the provisions of the Constitution it is mandatory that the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes.

It is admitted by the majority opinion that there was no statute authorizing the imprisonment of a state convict after he had served his term of imprisonment, to be held in the penitentiary until he had served out his fine and

costs at $1 per day, prior to the passage of the act contained in chapter 112, Session Laws 1913. The provisions of the statute with reference to fine and costs being charged against convicts was found in section 31 (a), chapter 69, Session Laws 1910, which reads as follows:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, and the clerk of the county court, the sheriff and the county attorney as provided in this act, and all costs in the prosecution whether of the grade of misdemeanor or felony, shall in case of conviction be taxed as costs in the case and a judgment rendered against the defendant therefor; and award execution for the collection of the same as on execution in civil actions."

It is clear from reading that section of the statute that the Legislature did not intend to require state convicts who had been sentenced to the penitentiary for a number of years, and a heavy fine imposed upon them, to be held in the state prison after serving their term of imprisonment at $1 per day, or any other amount, until they had served out the fine and costs taxed against them; the provision of that section being that all costs in cases of prosecution, whether of a grade of misdemeanor or felony, shall in case of conviction be taxed as costs in the case and a judgment rendered against the defendant therefor, and award an execution for the collection of the same as on execution in civil actions.

This provision of the statute was a part of a general revenue bill, and the Legislature from the language used in the act had in mind that many persons might be convicted of either a misdemeanor or felony who had sufficient property to pay the costs in the case, and in a case of this kind, if they did not have property the Legislature did not intend they should be confined in jail or penitentiary

after having served out their term of imprisonment, but that an execution should be awarded, and if sufficient property was found the costs should be collected. It will be seen that in this section of the statute no reference is made to fines. The next legislation we have upon the subject is the provision found in chapter 112 of the Session Laws 1913, at page 203, the title to which act reads as follows:

"An act to amend section 31 (a) of chapter 69 of the Session Laws 1910; providing for the working of county, city and town convicts upon public highways, rock piles, or other public work; for the imprisonment and working of such convicts upon the public highways in lieu of payment of fine and costs, and regulating the time of such imprisonment and work; repealing sections 2607 and 5290 of the Statutes of Oklahoma, 1893, and sections 41 and 42, of article one (1), of chapter 32 of the Session Laws of 1909, and sections 885, 6917, 6918, 6921, 6922, 7068 and 7793 of Snyder's Compiled Laws of Oklahoma, 1909, are hereby repealed; and declaring an emergency."

The first, second, third, and fourth sections of the Session Laws 1913, chapter 112, under the above caption, is as follows:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or

fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison.

"2. The board of county commissioners of any county in this state shall have authority to work any convicts in the county jail, either as punishment for crime or in lieu of payment of fine and costs, upon public highways in such county and to employ such guards and other assistants as may be required; and any guard, overseer or superintendent employed to work convicts upon any public work, who may deal or play any game of cards or participate in any other game with any convicts under his charge, shall be discharged by the county commissioners. It shall be the duty of the sheriff, upon the order of the board of county commissioners, to deliver, to any person authorized to receive them for work, upon public highways, any persons sentenced and confined in the county jail either as punishment for crime or in lieu of payment of fine and costs.

"3. When, in the judgment of the county commissioners, the expense of working the convicts upon the public highways is too great, on account of the small number thereof, or for any other reason, then they shall have authority to provide all necessary apparatus for the working of such convicts upon a rock pile, or rock crusher, for the purpose of providing material for use upon the public highways of said county. Said authority shall be exercised in the same manner as is provided in section 2, for the working of convicts upon the public highways, and the county commissioners shall have full authority as to how and where said materials shall be used; provided, they shall use same for no other purpose than the betterment of the public highways in said county; provided, further, that in any county where the working of convicts upon a rock pile, or rock crusher, is found impractical for any reason, then the county commissioners may provide for the working of said convicts upon any public work in which the county has an interest.

"4. Every county, city or town convict in this state, whether required to work upon the public highways of

such county, city or town, in accordance with the laws of this state, or merely confined in the county, city or town prison, shall receive credit upon his or her fine and costs of one dollar for each day so confined in prison, or worked upon the public highways, rock pile, or rock crusher, or public work; provided that those prisoners or convicts doing and performing the most efficient work and making the best prisoners shall be entitled to an additional credit of one day for every five days of work, the guard or custodian of such prison to determine at the end of each five days of such imprisonment whether or not such prisoner is entitled to such credit, and to make a record of such decision and notify the prisoner of the same."

The fifth, sixth, and seventh sections relate to the repeal of the sections of the statute and declaring an emergency.

A careful reading of section 1 of the act clearly shows by the closing sentence that it was not intended by the Legislators, nor was it included in the title of the act, that state convicts should remain in prison at $1 per day until the cost and fine was satisfied; the closing part of the sentence of section one being,

"whether the defendant shall perform labor on the public road or highway, or remain in prison."

From a reading of sections 2, 3, and 4, it is clearly shown there is no provision whatever in the act providing for the working of state convicts upon the highways, and that the attempted amendment could not relate to any other class of convicts than county, city, and town convicts.

An examination of the title of the act above referred to convinces me that the title refers only to county, city, and town convicts and makes no reference to state con-

victs; all the laws relating to state convicts for fine and costs are repealed by this act.

13 Corpus Juris, at page 912, defines the different kind of convicts as follows:

"State convicts embrace all that class of persons convicted of crime and sentenced to hard labor in the penitentiary, within or without the walls.

"County convicts embrace all those sentenced to hard labor in the county, whether in or out of the county."

This definition is approved in Ex parte Gayles, 108 Ala. 514, 19 So. 12.

It is urged by the Attorney General that the law providing for imprisonment in the state penitentiary until the fine and costs are paid at $1 per day has not been repealed, and in support of his contention cites Ex parte Smith, 33 Okla. Cr. 175, 242 Pac. 284; Ex parte Clemmons, 27 Okla. Cr. 50, 225 Pac. 184; Ex parte Bell, 34 Okla. Cr. 354, 246 Pac. 893.

An examination of the cases cited by the Attorney General discloses that in the Smith and Bell Cases the petitioners were confined in the county jail of Carter county, serving a sentence for a misdemeanor. In the Clemmons Case petitioner was confined in the county jail of Marshall county, serving a sentence imposed for a misdemeanor. I do not think these cases are in point for the reason that the defendant in this case was sentenced to serve a term in the penitentiary and to pay a fine and costs, and as alleged in the petition has served the sentence in both cases, and is being restrained of his liberty by the warden of the penitentiary until he has served sufficient length of time at $1 per day to satisfy the fines and costs imposed in his cases.

I still insist that the conclusion reached by this court in Ex parte Dunnavant, 41 Okla. Cr. 113, 271 Pac. 861, is the law and that there is no statute requiring a state convict, who has served out his term of imprisonment to remain in the penitentiary until he has served out fines and costs taxed against him at $1 per day. In this case if the petitioner has to remain in prison at $1 per day until he has served out the fines assessed against him totaling $7,500 and costs, it means that after he has served his term of imprisonment he will have to remain in the penitentiary for more than 7,500 days. This, in my judgment, was never intended by the Legislature, and I insist that the title to the act is not sufficiently broad to include state convicts, and that it only relates to county, city and town convicts, and defines in the body of the act the method of working such convicts on the highways or keeping them in jail until the fine and costs are paid.

If the law as declared by the majority opinion is the correct law, I insist that it would be a violation of article 2, § 9, of the Constitution, which section provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."

Prior to the passage of the act found in chapter 112, Session Laws 1913, supra, there was no authority for holding a state convict in the penitentiary for the fine imposed against him and costs taxed in the case, and I cannot place any legal interpretation upon that act that will convince me that the title to the act is broad enough to cover state convicts. If it had been intended by the Legislature to restrain state convicts in the penitentiary at $1 per day until their fine and costs had been satisfied, it would have unquestionably have said so, as it did in the act with reference to county, city, and town convicts. The policy

66

of the law has always been to punish all parties equally for the same offense, and if the law is correctly stated in the majority opinion, it means that where a person is sent to the penitentiary for a number of years and fined, as in this case, the convict is practically sentenced to life imprisonment. This was not intended, in my opinion. The United States government has wisely provided that where a convict was sent to the penitentiary and fined, if the convict was unable to pay the same, he may serve a sentence of 30 days, and then make an affidavit to show he is unable to pay the fine, and secure his release.

I regret that I cannot interpret the law as it has been interpreted by the majority opinion, but after a careful study and reading of the statutes I reach the conclusion that the title to the act is not broad enough under our Constitution to include state convicts, and that the law as announced by this court in Ex parte Dunnavant, supra, is the correct interpretation of the law relating to state convicts on the question of cost, and that the state has no authority to hold in the penitentiary any convict, after he has served his term of imprisonment, at $1 per day until the fine and costs taxed against him have been satisfied, and I insist that the petitioner was entitled to be released, and the writ should have been granted.