## Ex parte JOSE ALVARADO.

No. A-8434.  July 22, 1932.
Rehearing Denied Oct. 21, 1932.
(15 Pac. [2d] 147.)

J. M. Roberts, for petitioner.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   This is an original proceeding in habeas corpus.  Petitioner alleges that he is unlawfully imprisoned by the warden of the state penitentiary.  That he was convicted in the district court of Osage county on a charge of burglary and his punishment fixed at seven years in the state penitentiary.  That petitioner appealed from said judgment to the Criminal Court of Appeals and the judgment was affirmed.  Alvarado v. State, 38 Okla. Cr. 360, 261 Pac. 983.  That he began the service of said sentence on September 21, 1928; that he has served all of the time required of a first-class prisoner to complete a sentence of seven years, but the warden refuses to release him and he is being held to serve the costs of prosecution in the sum of $400.95.  That the holding of petitioner in default of the payment of said costs is contrary to the laws and Constitution of the state.

Section 1, chap. 112, Session Laws 1913, section 31 (a), an amendatory statute, in part provides:

"* * * All costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both. * * * "

This became section 6332, Comp. St. 1921. It has had the consideration of this court in several cases. Ex parte Walker, 31 Okla. Cr. 36, 236 Pac. 919; Ex parte Smith, 33 Okla. Cr. 175, 242 Pac. 284, 285; Ex parte Bell, 34 Okla. Cr. 354, 246 Pac. 893. In Ex parte Dunnavant, 41 Okla. Cr. 113, 271 Pac. 861, this court in substance held that there was no statute requiring a state convict after he had served his term of imprisonment to remain in the state penitentiary until he had satisfied the costs taxed against him. In Ex parte McCoy, 45 Okla. Cr. 52, 281 Pac. 813, the entire question was reconsidered and the Dunnavant Case was expressly overruled; the McCoy case holding that where a judgment in a criminal action imposed confinement in the state penitentiary and in addition a fine and costs, the fine and costs must be liquidated by confinement at the rate of $1 per day.

In the instant case the verdict finds defendant guilty and assesses his punishment at a term of seven years in the state penitentiary. The judgment and sentence is in conformity to the verdict. It also decrees that defendant pay the costs of prosecution taxed at $400.95, and that he be confined in the penitentiary according to the judgment.

The costs assessed being made a part of the penalty by statute, it automatically becomes a part of the judgment.

The confinement of petitioner being in accordance with the law, the writ is denied.

CHAPPELL, J., concurs. DAVENPORT, P. J., dissents.