Ex parte HENRY FARVE.

No. A—9505. May 27, 1938.
(79 P. 2d 1034.)

Henry Farve, for himself.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, J.   The petitioner, Henry Farve, has filed in this court his original application for writ of habeas corpus, and as grounds therefor states: That he is unlawfully imprisoned, detained, confined, and restrained of his liberty by Jess F. Dunn, warden of the Oklahoma state penitentiary, at McAlester.   His grounds for such contention being based upon the following allegations: He was received at the McAlester penitentiary, on May·28, 1927, and was admitted as No. 17654, from Carter county, to serve a term of one year and one day for grand larceny.   That under the provisions of the Oklahoma Statutes, 57 Okla. St. Ann. §§ 110, 138, 232, for allowance of time for good behavior, and work time, it is alleged he should have completed the time

to which he had been sentenced in a period of seven months and two days. That he was required to serve approximately four months and one day for court costs which caused his discharge on April 29, 1928, instead of December 29, 1927, and such confinement for costs was illegal and without authority under the law. Defendant, while serving the one year sentence for grand larceny, had a case before the Criminal Court of Appeals affirmed, wherein defendant was charged with the crime of rape, and sentenced to serve a term of 15 years in the penitentiary. Without being discharged petitioner was dressed in on this charge as of date of April 29, 1928, and contends that it should have been as of December 29, 1927, for the reasons above indicated. During the time petitioner was serving the 15 year sentence as No. 18921, and on June 6, 1932, he escaped from prison, and was absent for a period of 17 days, being returned on June 23, 1932, but the record does not disclose that any time was deducted by the warden, with the exception of the 17 days he was absent. Petitioner escaped a second time on April 10, 1933, and was absent for five days, being returned on April 15, 1933. For this infraction of the rules, the warden took 12 days' good time in addition to the five days' absence, or a total of 17 days. This would have been a total of 34 days to be added to petitioner's time. Under the statute above indicated petitioner would have served his 15 years' sentence in seven years, three months, and five days. According to petitioner's contention his time under his 15 year sentence should have expired on April 4, 1935, and with the addition of the 34 days assessed by the warden by reason of his escapes, the date would have been May 10, 1935. Before the expiration of petitioner's sentence for 15 years as No. 18921, he was convicted of grand larceny and sentenced to serve a term in the penitentiary of four years. He claims that he was marked "Received on this charge as of date of April 18, 1936," and it should have been as of date of May 10, 1935, for the reasons above stated. Under the statutes above referred to he would have served the four

years sentence in two years, three months, and seven days, and that he should have been released on August 17, 1937. The records of the penitentiary show that he was not to be released until August 17, 1938.

The decisive question as to whether petitioner is at this time being unlawfully restrained primarily depends on whether or not he is chargeable with the four months and one day served on his first sentence for the costs in that case. This sentence was completed on the 28th day of April, 1928. Up to and prior to the 3d day of October, 1935, the date of the decision in the case of Ex parte Red Autry, 58 Okla. Cr. 88, 50 P.2d 239, it had been the holding of this court that when a judgment in a criminal action imposes confinement in the state penitentiary, and in addition thereto a fine and costs, that the defendant, at the termination of the confinement specified, may be held in prison until such fine and costs are paid at the rate of a dollar a day. Ex parte McCoy, 45 Okla. Cr. 52, 281 P. 813. Under section 2, Oklahoma Statutes 1931 (Okla. St. Ann. tit. 12, sec. 2), it is provided:

"The common law, as modified by constitutional and statutory law, *judicial decisions* and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma."

Under this section the judicial decisions of this court were the law until the same were overruled and set aside. The law therefore as stated in the case of Ex parte McCoy, supra, was the law in this jurisdiction until the same was overruled and set aside by the decisions of this court in the case of Ex parte Autry, supra, decided on the 3rd day of October, 1935. It follows therefore that the sentence of petitioner having been fully served prior to the time of that decision, he would not be entitled to the credit claimed, and to his discharge on the 29th day of December, 1927, but rather on April 29, 1928. The date on which he was accepted on his 15 year term.

It is contended by the state in its response to the rule to show cause in this case that under the provisions of section 5341, Okla. Stats. 1931 (Okla. St. Ann. Tit. 57, sec. 138), that a convict who has "recorded against him a violation of the laws of the state cannot be allowed any deduction for good time", and any attempt on the part of the warden, or entry in the prison records to the contrary, is without authority and void. No authority is cited to substantiate this proposition, and a careful reading of the above statute does not bear out this construction. The last section of the statutes states:

"Provided, however, that no convict shall be entitled to deduction for good time as herein provided in the event he has been guilty of misconduct or violation of the prison rules and regulations, *unless relieved therefrom by the warden.*"

With reference to the 15 year sentence of petitioner, the record reveals that he was discharged on this charge on April 18, 1936, and that he was received on the four year sentence on this same date. These prison records completely refute the idea that petitioner was being held the full time for the 15 year sentence by reason of his having escaped or broken the prison rules. We find no specific statute in this state which forfeits the good time allowed prisoners for good behavior and work while in prison, except as above quoted, and a fair construction of that section is that this is a matter for the discretion and consideration of the warden, to be entered upon the permanent records of the prison.

Under those records if there be no further cause petitioner will be entitled to his discharge on the 17th day of August, 1938.

DAVENPORT, P. J., and DOYLE, J., concur.