## Ex parte CLYDE RENIFF.

No. A-9605. March 10, 1939.
(88 P. 2d 382.)

Ernest W. Thomas, of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and J. A. Minton, Pardon and Parole Atty., of Sayre, for the State.

BAREFOOT, J. Petitioner alleges that he is unlawfully restrained of his liberty in the penitentiary, for the reason that he has served the length of time to fulfill the prison terms allotted to him. The record, as revealed by the response filed by the Attorney General, shows that petitioner was convicted and sentenced from Muskogee county for a period of one year for forgery. This was his second term, he having theretofore served a sentence. He was received at the penitentiary on September 24, 1930, and was dischargd on February 28, 1931. He was next sentenced from the district court of Comanche county to serve a term of 7 years for the sale of a forged check. He was received at the penitentiary on December 4, 1931. This case was appealed to this court and the sentence was reduced to a term of 2 years. He was discharged on May 6, 1933, having served on this sentence 67 days in payment of court costs in the amount of $126.90.

On May 6, 1933, petitioner was dressed in to serve a term of 7 years, from Comanche county, for the sale of a forged check. He escaped from prison on July 10, 1933, and was returned to prison on February 8, 1935, and was discharged on August 26, 1938.

On August 26, 1938, he was dressed in to serve his fifth sentence from Pittsburg county, where he was charged with uttering a forged instrument, and sentenced to serve a term of one year. On September 3, 1938, he was found in possession of a knife and was demoted to a third class prisoner, and on December 24, 1938, he was promoted to first class prisoner, and the record before us shows that he will be discharged on April 19, 1939.

It will be seen from the above record that petitioner has been convicted five different times. He has escaped

from prison once, and has been found in possession of a knife while serving in the penitentiary. He is contending that he should be given credit for the 67 days served on the sentence from Comanche county for $126.90, on the last charge of which he was convicted from Pittsburg county.

The contention of petitioner is that this court having held that a prisoner can not be imprisoned for costs in a felony case, and that he had served 67 days to satisfy costs in the amount of $126.90, in the case from Comanche county, which had been served and satisfied prior to his conviction in Pittsburg county, that he should be given credit for this time on the conviction in Pittsburg county.

A case involving similar facts to the one at bar has been passed upon by this court in the case of Ex parte Farve, 64 Okla. Cr. 326, 79 P. 2d 1034, 1035. In this case it is said:

"The decisive question as to whether petitioner is at this time being unlawfully restrained primarily depends on whether or not he is chargeable with the four months and one day served on his first sentence for the costs in that case. This sentence was completed on the 28th day of April, 1928. Up to and prior to the 3d day of October, 1935, the date of the decision in the case of Ex parte Red Autry, 58 Okla. Cr. 88, 50 P. 2d 239, it had been the holding of this court that when a judgment in a criminal action imposes confinement in the state penitentiary, and in addition thereto a fine and costs, that the defendant, at the termination of the confinement specified, may be held in prison until such fine and costs are paid at the rate of a dollar a day. Ex parte McCoy, 45 Okla. Cr. 52, 281 P. 813. Under section 2, Okla. Stats. 1931, Okla. St. Ann. tit. 12, sec. 2, it is provided: 'The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma.' Under this section the judicial decisions of this court were the law until the same were overruled and set aside. The law therefore as stated in the case of Ex parte McCoy, supra,

was the law in this jurisdiction until the same was overruled and set aside by the decisions of this court in the case of Ex parte Autry, supra, decided on the 3d day of October, 1935. It follows therefore that the sentence of petitioner having been fully served prior to the time of that decision, he would not be entitled to the credit claimed, and to his discharge on the 29th day of December, 1927, but rather on April 29, 1928. The date on which he was accepted on his 15 year term."

Petitioner admits that the decision in the Farve Case, supra, is contrary to his contention, but states that this decision should be overruled for the reason that the statute quoted, section 2, Okla. Stats. 1931, 12 Okla. St. Ann. § 2, which is as follows: "The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object,"—is a part of the statutes of Civil Procedure in this state and has no application to Criminal Procedure. In other words, it is contended that the common law, as far as criminal cases are concerned, is not in force, and that section 2665, Okla. Stats. 1931, 22 Okla. St. Ann. § 9, which is as follows: "The procedure, practice and pleadings in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleadings of the common law," only applies as to the procedure, practice and pleadings in criminal cases. In the first place, the statute under Civil Procedure above quoted says: "* * * shall remain in force in aid of the general statutes of Oklahoma". It is not limited to either civil or criminal cases. The sections of the statute which follow the one above quoted, many of them, have special reference to criminal cases as well as civil cases

and this identical statute has been referred to and applied in criminal cases of this state from territorial days on down to the present time. Goodson v. United States, 7 Okla. 117, 54 P. 423; Smith v. Territory, 14 Okla. 518, 79 P. 214; Welty v. United States, 14 Okla. 7, 76 P. 121; Cavett v. Territory, 1 Okla. Cr. 493, 98 P. 890, 102 P. 646.

We cannot be lead to believe that section 2665, Okla. Stats. 1931, 22 Okla. St. Ann. § 9, does not apply in this case. These statutes are very similar. This is a matter of "procedure and practice" that has been followed and recognized by the courts of this state. We do not think this "procedure" or "practice" was imprisonment for the punishment of a crime. Cline v. State, 9 Okla. Cr. 40, 130 P. 510, 45 L.R.A., N.S., 108; Mitchell v. State, 7 Okla. Cr. 563, 124 P. 1112; Hunter v. State, 10 Okla. Cr. 119, 134 P. 1134, L.R.A. 1915A, 564, Ann. Cas. 1916A, 612.

We cannot see how petitioner in the instant case should be credited with time served in a former case, where the time had expired, and especially where the sentence was from a different county and for a different offense. Certainly this is different than if petitioner was here asking for his release for serving the time for costs in the Comanche county case. If petitioner's contention was true, he could be released from a sentence which was heretofore rendered and for which he had been wrongfully imprisoned although his sentence was many years thereafter. Ogle v. State, 43 Tex. Cr. 219, 63 S.W. 1009, 96 Am. St. Rep. 860; State v. Finch, 75 Kan. 582, 89 P. 922, 20 L.R.A., N.S., 273. That the above sections apply only to procedure and practice we call attention to the case of Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239, 243, where the court says:

"The commitment until the fine and costs are paid or satisfied is no part of the punishment, it is the mode of executing the sentence; that is, of enforcing the payment of the fine and costs of prosecution."

For the reasons above stated, we are of the opinion that the writ should be denied, and it is so ordered.

DOYLE, P. J., and DAVENPORT, J., concur.