**Ex parte Otis T. CARR.**

**No. A–13082.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1961.

Hubert Gibson, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., James H. Harrod, County Atty., Granville Scanland, Asst. Co. Atty., Oklahoma City, for respondent.

NIX, Presiding Judge.

This is an original proceeding as writ of habeas corpus where the petitioner contends he is illegally deprived of his liberty by Bob Turner, Sheriff of Oklahoma County, and prays for his release.

The evidence and record before the court establishes the fact that petitioner was committed to Sheriff Turner by the Hon. Clarence Mills, one of the District Judges in and for Oklahoma County. Said commitment being the result of an unsatisfied judgment rendered against petitioner where he was convicted by a jury in Oklahoma County for the crime of selling unregistered securities in this state. The jury found pe-

titioner guilty and assessed his punishment at a fine of $5,000 as provided by Title 71 O.S.A. § 53.

Thereafter the case was appealed and affirmed by this Court and the mandate issued. Carr v. State, 359 P.2d 606. On the 17th day of July, 1961, the petitioner herein appeared in open court before the trial judge. He advised the court that he was unable to pay said fine and costs. The trial judge then and there committed the petitioner herein to the custody of the respondent sheriff with directions to confine petitioner in the county jail until said fine and costs were paid on in default of such fine being paid, that petitioner serve one day in the county jail for each dollar of such fine and costs.

Petitioner files his application for a writ in this Court contending that the fine, as assessed by the trial jury, is in the nature of a civil judgment and cannot be enforced by imprisoning petitioner in the county jail of Oklahoma County, and further argues that the incarceration of petitioner in the county jail because of inability to pay the fine constitutes cruel and unusual punishment.

The Court does not agree with either contention of the petitioner. The statute under which petitioner was convicted carries with it the following prescribed punishment:

"Whoever violates any provision of this Act shall be punished by a fine [of] not more than five thousand ($5,000.-00) dollars or by imprisonment for not more than three (3) years, or by both such fine and imprisonment."

This Court held in the case of Ex parte McCoy, 45 Okl.Cr. 52, 281 P. 813 that:

"When a judgment in a criminal action imposes confinement in the State Penitentiary and in addition thereto a fine and costs, the fine and costs may, at the termination of the confinement specified be imposed by further imprisonment until paid or satisfied at the rate of $1.00 per day."

In a very early case our Court said in Ex parte Bowes, 8 Okl.Cr. 201, 127 P. 20, 21:

"We are of the opinion that where the punishment for an offense is both fine and imprisonment, under the common law practice and under the statute also (section 6917, supra), the trial court may properly adjudge the defendant, for a failure to pay the fine, to be imprisoned, such imprisonment to commence after the expiration of the term fixed as a punishment for the crime. It is provided in the Bill of Rights, Const. art. 2, sec. 13 * * *:

"'Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law.'"

Also see White v. State, 76 Okl.Cr. 147, 134 P.2d 1039, wherein the Court said:

"A person may not be committed to the state penitentiary to satisfy a judgment for fine and costs in a felony case, but payment should be enforced by imprisonment in the county jail until same shall be satisfied."

Petitioner's second contention that the confinement until the fine imposed constitutes cruel and unusual punishment would have merit if safeguards had not been provided by legislative enactment. We agree that to confine an indigent person in the county jail until he pays a $5,000 fine at $1 per day would be cruel and excessive. However, the legislature in its wisdom has laid down the necessary precautions to prevent confinement for a term in excess of six months. The procedure for release in such instance is set forth in Title 57 O.S.A. § 15 as follows:

"When any poor convict shall have been confined in any prison for the space of six months, for non-payment of fine and costs only, or either of them, the sheriff of the county in which such person shall be imprisoned shall make a report thereof to any two justices of the peace for such county; if required by such justices, the said keeper shall bring such convict before

them, either at the prison, or at such other convenient place thereto as they shall direct; the said justices shall proceed to inquire into the truth of said report, and if they shall be satisfied that the report is true, and the convict has not had since his conviction any estate, real or personal, with which he could have paid the sum for the nonpayment of which he was committed, they shall make a certificate thereof to the sheriff of the county, and direct him to discharge such convict from prison and the sheriff shall forthwith discharge him."

In view of the authorities cited herein the Court is of the opinion the trial judge acted within his province and the law and in view of the statute heretofore cited the punishment is neither cruel or excessive.

The writ is therefore denied.

BRETT and BUSSEY, JJ., concur.